CASE 60—INJUNCTION AGAINST TAXES—APRIL 28.

# Mossett, Etc. v. Newport and Cincinnati Bridge Co.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

1. TAXATION—POWER OF CAMPBELL COUNTY COURT TO APPOINT SUPER-VISORS AT NEWPORT SESSION.—Under the act of February 26, 1863, providing for holding sessions of the county court of Campbell county at Newport the county court so held could transact any business of which that court had jurisdiction ex-cept that no court cf claims could be held at Newport. Accord-ingly the order of the county court held at Newport November 21, 1898, appointing supervisors was valid.

2. SAME—NUMBER OF SUPERVISORS.—The county of Campbell, con-taining a city of the second class and two cities of the fourth class, the county court properly appointed twelve supervisors under the provisions of section 4115 of the Kentucky Statutes.

3. SAME—TIME OF THE MEETING OF THE BOARD OF SUPERVISORS.—The provisions of section 4119, Ky. Stats., requiring the board of supervisors to convene at the county seat of their respective counties on the first Monday in January of each year is direc-tory. If as a matter of fact they did on that day meet at an-other place, and proceed to discharge their duties as, super-visors, such irregularity would not render any session held by them invalid.

4. SAME—POWERS OF THE BOARD.—Although secs. 4120, 4121, Ky. Stats., provide that the board of supervisors shall not continue in session for more than fifteen days, and might during this period increase or decrease any list if the evidence be clear and unmistakable that the valuation is not a fair cash value, yet the law does not forbid them upon reconvening to hear com-plaints from taking up any matter which may have escaped their attention during the first meeting. By sec. 4123 it is pro-vided that the board in re-assembling shall hear all complaints and pass upon the assessment of all taxpayers, and for that purpose remain in session for not more than ten days. The action of the board in raising the assessment of appellee during its adjourned session was not therefore invalid.

5. SAME—IRREGULARITY.—By sec. 4128, Ky. Stats., no irregularity in the execution of the duties of the supervisors renders the

Mossett, &c., v. Newport & Cincinnati Bridge Co.

assessment invalid. Any aggrieved taxpayer may appeal to the judge of the county court within ten days after the final adjournment of the board and this remedy is exclusive.

RAMSEY WASHINGTON FOR THE APPELLANTS.

Counsel stated the points relied on by plaintiff below, the present appellee, ás grounds for its injunction, as follows:

1. That the county court appointed the board of supervisors on November 21, 1898, at Newport, instead of appointing them on November 1, 1898, at the county seat, Alexandria.

2. The county court appointed a board consisting of twelve men, when it ought to have appointed only eight.

3. The board of supervisors never met at the county seat on January 1, 1899, but in Newport.

4. The board of supervisors did not increase the assessment of said bridge during the first fifteen days, but began the consideration of the increase at the adjourned meeting, though no clear or unmistakable evidence that said assessor's assessment of $600,-000 was not the fair cash value of said bridge, was offered or heard by them.

And thereupon discussed the points *seriatim* and made against the appellee's contention, citations as follows: Varney v. Justice, 86 Ky., 599; Smith v. Cansler, 83 Ky., 372; Rice v. Com., 3 Bush, 16; Justices of Jefferson County v. Clark, 1 Mon., 86; Rodman v. Harcourt, 4 B. Mon., 232; Wilson v. King, 3 Litt., 459; L. & N. R. R. Co. v. Trustees School Dist No. 37; 13 Ky. Law Rep., 638; Cooley's Const. Lim., p. 599; Ky. Stats., secs. 4115, 4128, 4121; Rennick v. Curry, 3 Ky. Law Rep., 156; Coldiron v. Ky. Lumber Co., 17 Ky. Law Rep., 598; High on Injunctions, sec. 31 (ed. 1874); Idem, sec. 356; Baldwin v. Shine, 84 Ky., 511; 20 Ky. Law Rep., 1195.

C. J. AND W. W. HELM FOR THE APPELLEE.

1. Orders appointing supervisors of tax must be made by the county court sitting at the county seat at the November term. Ky. Stats., secs. 4115, 1058, 1059, 1840, 1069; Ky. Con., secs. 64, 59, 141; Venhoff v. Morgan, 11 Ky. Law Rep., 276.

2. Local act providing for additional county courts at a place not the county seat, does not authorize county governmental business to be transacted there.

3. *De facto* officers may be enjoined from acting, though if they had acted, their acts as to the public or third persons, would have been valid. Williams v. Boynton, 147 N. Y., 426.

4. The statutes requiring supervisors of tax to meet at the county seat is mandatory, if they meet elsewhere their proceedings are void. Ky. Stats., secs. 4118, 4119.

5. The board of supervisors can only increase or decrease assessments at their first meeting. The adjourned meeting is for the sole purpose of hearing complaints as to increases made by them at their first meeting. Ky. Stats., secs. 4120, 4121, 4122, 4123.

6. Injunction is the proper remedy in this case.

SAME COUNSEL FOR THE APPELLEE IN A PETITION FOR A MODIFICATION OF THE OPINION. (Petition not in the record.)

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The Newport and Cincinnati Bridge Company seeks in this action to enjoin the Board of Supervisors for Campbell county from increasing the assessment of its bridge and approaches over the valuation placed thereon by the assessor. The grounds upon which it relies are that the orders appointing the defendants supervisors of taxes are void for the following reasons: First, because they were made at Newport on the third Monday in November, 1898, instead of at Alexandria, the county seat, on the first Monday in November; second, because the county court appointed twelve persons to act as supervisors, when, under the law, it had the power to appoint only eight; third, that the Board of Supervisors failed to meet at the county seat, Alexandria, on the first Monday in January, but, instead, met in Newport; fourth, that the Board of Supervisors did not increase the assessment of its property during the first fifteen days of its session, but only took up this question upon the reconvening of the board to hear complaints and pass upon the complaints of taxpayers.

We will consider these grounds in the order in which they are relied on.

While it is true that Alexandria is the county seat of Campbell county, the Legislature, by an act approved February 25, 1863, provided: "That in addition to the county court now held in the county of Campbell the pre-

siding judge of said court shall hold annually twelve terms
of the Campbell County Court in the city of Newport.
They shall be held at the court house on the third Mon-
day of each and every month, and said judge may adjourn
said court from day to day and from time to time if the
business requires it; and he shall have power to call
and hold special terms of said court in said city for such
terms as the business may require; but no court of claims
shall be held in Newport."

The third Monday in November, 1898, fell on the 21st;
and the order of the county court appointing the Board of
Supervisors was made at the county court held in New-
port on that date.    In our opinion, under the provisions
of the act, *supra*, the county court sitting at Newport had
the power to make any order or transact any business im-
posed upon it by law which it could have lawfully per-
formed at Alexandria; the only restriction imposed by the
act being that "no court of claims shall be held at New-
port."    The order of November 21, 1898, appointing the
Board of Supervisors, made at the regular November
term held in Newport, was a legal and valid one.

We are of the opinion that under section 4115, Ken-
tucky Statutes, as the county of Campbell contains one
second-class city and two fourth-class cities, the Board of
Supervisors properly consisted of twelve persons.    See
Kentucky Statutes, section 4115.

Whilst under section 4119, Kentucky Statutes, it was the
duty of the Board of Supervisors to convene at the county
seat on the first Monday in January, yet we are of opin-
ion that this provision is only directory, its purpose being
simply to fix the time and place for the meeting of the
board.    If, as a matter of fact, they did on that day meet
at another place, and proceed to discharge their duties as

supervisors, such irregularity would not render any assessment made by them invalid. See Kentucky Statutes, section 4128.

Though sections 4120 and 4121, Kentucky Statutes, provide that the Board of Supervisors shall not continue in session for more than fifteen days, and may during this period increase or decrease any list if the evidence be clear and unmistakable that the valuation is not a fair cash value, there is nothing in the law which forbids them, upon reconvening to hear complaints, from taking up any matter which may have escaped their attention during the first meeting:

Section 4123 expressly provides that "the board, in reassembling, shall hear all complaints and pass upon the assessment of all taxpayers and for that purpose remain in session not more than ten days."

Section 4128 provides: "Any informality or irregularity in the execution of their duties as supervisors and any failure of duty on their part shall not render an assessment invalid. But any taxpayer, feeling himself aggrieved by the action of said Board of Supervisors, may appeal to the judge of the county court within ten days after the final adjournment of said board."

And this is the only remedy provided by law that an aggrieved taxpayer can avail himself of to avoid excessive valuation. See Marion Co. v. Wilson, 20 Ky. Law Rep., 1193, [49 S. W., 8].

For the reasons indicated, the judgment is reversed, and the cause remanded, with instructions to sustain the demurrer, and for other proceedings consistent with this opinion.