## Sutton v. Catron

(Decided January 22, 1913.)

### Appeal from Pulaski Circuit Court.

Appeal—Jurisdiction—Amount in Controversy.—Where in an action by plaintiff to enjoin defendant from preventing plaintiff from using a right of way to a branch on defendant's land, and to recover damages for being deprived of that right, the question of the right of way is settled by compromise, and there is a verdict and judgment in favor of the defendant on the question of damages, this court is without jurisdiction to entertain an appeal by plaintiff, where the amount of damages asked is only $100.

L. G. CAMPBELL, for appellant.

VIRGIL P. SMITH, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Dismissing Appeal.

Appellee, Fred Catron, owned two adjoining farms on the waters of Clear Creek in Pulaski county, Kentucky. One of these farms he conveyed to Elyptha Lovelace and wife, together with the right and privilege of free access over his adjoining land to the watering place on the spring branch located on the adjoining land. Subsequently, Elyptha Lovelace and wife sold and conveyed that tract to appellant, J. J. Sutton, together with all the appurtenances thereunto belonging. Claiming that appellee closed up the pathway leading from appellant's barn to the branch in question, and thereby deprived him of the privilege of getting water for his stock for a period of several weeks, appellant brought this action against appellee to enjoin him from closing the pathway in question, and to recover damages for the time that the pathway was closed. During the pendency of the proceedings, the parties effected a compromise, and the action was dismissed. Appellee contended that this compromise embraced not only the right of access to the spring branch, but also the question of damages. On the other hand, appellant contended that

only the right of access to the watering place was concluded by the compromise. On motion of appellant, the case was reinstated on the docket, and transferred to the common law docket for the purpose of trying the question of damages. The questions whether or not the compromise embraced the matter of damages, and, whether or not appellant was damaged at all, were submitted to the jury, and a verdict rendered in favor of appellee. From that judgment this appeal is prosecuted.

Appellee has moved to dismiss the appeal.

It is admitted by both parties that the question of appellant's right over appellee's land to the watering place in question was settled by the compromise. That question being eliminated, the only question left for determination was the amount of damages, if any, to which appellant was entitled. To try this question, the case was transferred to the common law docket. Appellant asked damages in the sum of $100. The sum so asked is the amount in controversy. That being less than $200, exclusive of interest and costs, this court is without jurisdiction to entertain the appeal. Kentucky Statutes, Sec. 950. For these reasons, the appeal is dismissed.