## Caldwell County v. First National Bank.

(Decided January 24, 1913.)

### Appeal from Caldwell Circuit Court.

1. Assessment of Property—Listing by County Board of Supervisors—Failure of Duty Upon Part of Does not Render Assessment Invalid.—Under section 4128 of the Kentucky Statutes, any informality or irregularity upon the part of the County Board of Supervisors in the execution of their duties, and any failure of duty on their part, does not render an assessment invalid.

2. Statutes—What Constitutes Mandatory Provision in—Directory Provision.—A mandatory provision in a statute is one, the omission to follow which renders the proceedings to which it relates illegal

and void, while a directory provision is one, the observance of which is not necessary to the validity of the proceeding; and whether a particular statute is mandatory or directory, does not depend upon its form, but upon the intention of the legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other.

3. Statutes—Construction of Section 4125, Ky. Stats.—Section 4125 of the Kentucky Statutes, which requires the County Board of Supervisors to keep a record of its proceedings, is directory, and not mandatory.

4. Assessment of Property—Failure of Assessor to Assess Bank Property—Listing by Board of Supervisors—Action Final—When Question Cannot be Raised by Sheriff.—Where a bank failed to file with the County Assessor the detailed statement required to be filed by section 4092c of the Kentucky Statutes, and the Assessor failed to assess the property of the bank, and the County Board of Supervisors subsequently listed it for taxation, as property omitted by the Assessor, the action of the Board of Supervisors is final, and the question of its assessment cannot be again raised in a proceeding by the Sheriff under section 4241 to list it as omitted property, although the valuation fixed by the Board of Supervisors was less than the real value of the property listed.

J. E. BAKER, for appellants.

R. W. LISANBY, for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is an action by Caldwell County, through its Sheriff, under section 4241 of the Kentucky Statutes, to assess for county taxation, the capital stock, surplus, undivided profits, and real estate of the First National Bank, of Princeton, for the years 1911 and 1912, as omitted property.

Section 4092(1) of the Kentucky Statutes imposes an annual tax upon each one hundred dollars of value of the shares of State banks and trust companies, incorporated under the laws of this Commonwealth; while Section 4092(a), in order to determine the value of the shares of trust companies and banks, makes it their duty to make and deliver to the Auditor of Public Accounts a verified statement, showing the name and post office address of the bank or trust company; the names of the President, Cashier and Board of Directors thereof; the number of shares of stock, and the par and market value of each share; the amount of the surplus fund and undivided profits; the amount of value of all real-estate situated in this Commonwealth, held and owned by the

bank or trust company, on the first day of September of each year; the amount of its loan and discounts; the amount of its deposits, and such other information as the Auditor may require.

Section 4092(b) provides for a fine in case of failure to make the report above provided for.

Section 4092(c) further provides that every State bank and trust company shall make to the assessing officer of the county, city, town or taxing district, a report similar to the one required to be made to the state officers, and that the assessing officers shall assess the shares of such bank or trust company in the manner prescribed for assessing the same by the State Board of Valuation and Assessment for taxation for State purposes.

Section 4120 requires the County Board of Supervisors to list all property omitted by the assessor, which may be subject to taxation in the county; while section 4241 makes it the duty of the Sheriff or Auditor's Agent to cause to be listed for taxation all property omitted, or any portion of property omitted by the Assessor, Board of Supervisors, Board of Valuation and Assessments, or Railroad Commissioner, for any year or years.

The appellee did not make the required statutory report to the County Assessor for either year; but, in each instance, its Cashier went before the Board of Supervisors, and that Board made the assessment. Appellee's capital stock is $150,000.00, while its surplus and undivided profits amount to $210,000.00. It further owns real estate worth about $8,000.00. For the year 1911 the Board of Supervisors fixed appellee's assessment of capital stock and surplus and undivided profits aggregating $360,000.00, at fifty per cent of that amount, or $180,000.00, and upon that assessment the appellee paid the tax. For the year 1912, the Board of Supervisors fixed appellee's assessment at $234,000.00, which is sixty-five per cent of its face value; and the appellee being dissatisfied, prosecuted an appeal to the Quarterly Court, where the finding of the Board of Supervisors was sustained by a judgment regularly entered. The tax was thus fixed, but had not been paid at the time the suit was brought, because it was not then due. Upon the trial of this action by the circuit judge, he dismissed the petition; and from that judgment the county prosecutes this appeal.

The appellant would have us treat the action of the supervisors as void, and of no effect whatever, and have us now list the entire property of appellee for taxation as though it had never been assessed.

Appellant's first contention is, that the Board of Supervisors made no record of its action, as it is required to do by section 4125 of the Kentucky Statutes, and that there was no valid action by that board for that reason. It is true the records of the Board of Supervisors were very negligently kept; but, in view of the provision of section 4128 of the Kentucky Statutes, which expressly provides that "any informality or irregularity in the execution of their duties as supervisors, and any failure of duty on their part, shall not render any assessment invalid," we do not think the failure of the board to make a complete record of its acts, and to certify the same to the County Court Clerk, as is required by law, should invalidate their acts.

Section 4125, when read in connection with section 4128, as it must be, is clearly directory, and not mandatory in its provisions. The distinction is thus pointed out in 36 Cyc., 1157:

"A mandatory provision in a statute is one, the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding. Whether a particular statute is mandatory or directory does not depend upon its form, but upon the intention of the legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other. In the application of subsidiary rules for the determination of the legislative intent in this respect there is no small confusion in the decisions, but the following rules have been recognized as established. A provision of course is mandatory which is declared by the statute itself to be so. When a particular provision of a statute relates to some immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, the provision may generally be regarded as directory. When a fair interpretation of a statute, which directs acts or proceedings to be done in a certain

way, shows that the legislature intended a compliance with such provision to be essential to the validity of the act or proceeding, or when some antecedent and perequisite conditions must exist prior to the exercise of power, or must be performed before certain other powers can be exercised, then the statute must be regarded as mandatory.''

The failure of the appellee to file its statement with the assessor, whatever may have been its motive in so doing, could not change the duty of the Board of Supervisors, or invalidate its act, if it was a substantial compliance with the law. Appellee did return a list for 1911, to Guess, who had been, and was then acting as a deputy assessor, and he received the list without objection, and the Board of Supervisors acted upon it. The fact that the Board may have acted irregularly in this respect did not invalidate its act. As to the year 1912, a written memorandum was found among the papers of the Board of Supervisors, which showed the stock at its par value to be worth $150,000.00; its market value not given; and a surplus of $210,000.00. This was the substance of a memorandum furnished by appellee, and was not a full compliance with the statute, which required a more detailed and verified return. It was sufficient, however, for the Quarterly Court to entertain an appeal thereon, and its judgment sustaining the assessment is regular. It is the policy of the law to sustain the acts of its officers in connection with the raising of the public revenue whenever it can be reasonably done; and, to say that the acts of the Board of Supervisors in the case at bar are sufficient to enable the county to recover upon the assessment so made, is to say that appellee can equally as well rely upon those acts as a bar to further proceedings for the same tax.

Appellee's Cashier gives as his reason for not making the statutory return, that he was not willing to swear to the market value of the stock. That, however, is no sufficient reason for his failure to comply with the statute. He had complied with the statute in his return to the State Auditor, and we see no reason why he should not have made a similar return to the County Assessor. However, the Board of Supervisors made the assessment according to the best information before it, and which evidently satisfied it; and, according to the testimony of its members there is no doubt as to the fact that the

Board acted, and made the assessment, the realty being treated as a part of the capital stock.

What then was the effect of these acts of the Board of Supervisors? The answer is to be found in the following extract taken from Citizens National Bank of Lebanon v. Commonwealth, 118 Ky., 60:

"For the years 1900, 1901 and 1902, the bank, by its proper officers, went before the county board of equalization, and stated all the facts concerning the shares of its stockholders that were necessary to enable those officials to lawfully assess it for taxation. The number of shares was given, their par value, and the highest price at which any of it had been sold, together with all other data by which an intelligent opinion could be acquired as to its actual cash value. Whereupon the board, having all the facts before them, assessed the stock as so much cash, at 60 per cent. of its real value. This was held by the court as a mere assessment *pro tanto* and the difference between the assessment and the actual value of the whole stock was considered as omitted property, and listed for taxation for the years named. In this, we think, the court erred. It was the duty of the board of equalization to assess the property for the years involved at its fair cash value, but the fact that they assessed it too low can not be remedied in a judicial procedure. Both the State and the county, in this regard, are bound by the action of their fiscal officers."

In cases of this character there must be some body in which the final right to decide these matters rests, and the Legislature has placed that final decision with the Board of Supervisors. The legal procedure here undertaken, lies only where the statutory assessing authorities—the County Assessor and the County Board of Supervisors have failed to assess property for taxation, thereby bringing it within the category of omitted property; and it cannot be used to correct alleged errors in valuations by the Board of Supervisors.

Judgment affirmed.