## City of Richmond v. Shackelford.

(Decided April 27, 1920.)

### Appeal from Madison Circuit Court.

1. Appeal and Error—Amount in Controversy—Jurisdiction to Enforce Tax Lien.—In a suit by a city to enforce a statutory lien for taxes amounting to $85.00, this court has jurisdiction of the appeal of the city under section 950, of the Kentucky Statutes, providing that appeals may be taken as a matter of right in all cases where the right to enforce a statutory lien is directly involved.

2. Taxation—Board of Supervisors—Appointment and Meeting.— Although section 3542, of the statutes, provides that the board of council in cities of the fourth class shall, before the Thursday following the second Monday in May in each year, appoint a board of supervisors who shall meet on that day and perform their duties, if the council fails to appoint a board before the date fixed or the board appointed fails to act, the council may thereafter and during the year appoint a board and the board so appointed may act, as under the statute any failure or informality in the appointment, meetings or proceedings of the board does not affect the validity of the tax.

3. Taxation—Board of Supervisors—Appointment and Meeting of.— If the supervisors appointed fail to qualify or meet, others may be appointed in their place as often as the necessity requires until supervisors are found who will meet and perform the duties of the office. The essential things are that the supervisors shall be appointed by the board of council, and that notice of the time and place of their meeting shall be given, as required by the statute.

J. P. CHENAULT for appellant.

A. R. BURNAM, JR., for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Reversing.

The city of Richmond, a city of the fourth class, brought this suit against D. B. Shackelford to recover $239.81, city tax for the year 1918, alleged to be due it by him. Shackelford admitted that he owed and tendered to the city, and in court, $154.13, which the city refused to accept, so that the actual amount in controversy in this case is $85.71.

A motion is made to dismiss the appeal of the city upon the ground that this court has no jurisdiction of the amount in controversy; but this motion must be overruled, because in section 950, of the Kentucky Statutes, it is provided that: "An appeal may be taken to the Court of Appeals as a matter of right from the judgment of the circuit court in all cases in which the title to land or the right to an easement therein, or the right to enforce a statutory lien thereon is directly involved;" and, clearly under sections 3544 and 3546, of the statutes, this tax bill is a statutory lien, and this being so the court has jurisdiction of the appeal.

It appears that the assessor of the city of Richmond returned his assessment of the property of Shackelford, according to law, and that thereafter the board of supervisors increased the assessment returned by the assessor, and the controversy in this case grows out of the right of the city to recover the taxes levied on the increased assessment made by the board of supervisors.

We gather from the briefs of counsel that the lower court dismissed the suit of the city, seeking to recover these taxes, upon the ground that the board of supervisors who had increased the taxes was irregularly appointed and convened and made the increase at a time when it was not authorized by the statute to convene or increase taxes.

Section 3542, of the statute, provides in substance that the board of council shall, in every year, appoint three men as supervisors of taxes; that this board shall meet at the office of the assessor on the Thursday following the second Monday in May in each year, for the purpose of performing their duties, which involve, among other things, the right to increase any list; that they may adjourn from day to day until their work is completed, not exceeding two weeks. It is further provided that: "Any failure or informality in the election of said supervisors, in their meetings or proceedings, shall not affect the validity of the tax."

It will be seen that under this statute, it is made the duty of the council, some time prior to the Thursday following the second Monday in May in each year, to appoint the supervisors, and that it is their duty to meet for the purpose of performing their duties on that day.

It seems, however, that the supervisors appointed by the council prior to the Thursday following the second Monday in May, in 1918, failed and refused (for some reason not disclosed by the record), to accept the office or perform or attempt to perform any of the duties of the board; that some time after this and before July 9, 1918, the council appointed a new board and this board did meet, and after notice required by law, did on or shortly after this date increase the assessment of Shackelford.

On this appeal, the argument in support of the judgment of the lower court is that the action of the board that assembled in July, in so far as it increased the assessment of Shackelford, was void, because the supervisors were not appointed at the time provided in the statute, nor did they convene and proceed with the discharge of their duties at the time required by the statute. So that the only question in the case is, may a board of supervisors in cities of the fourth class be appointed and meet at a time different from that prescribed by law and when so convened increase assessments?

In support of the contention that the board cannot do this, our attention is called to the case of Slaughter v. City of Louisville, 89 Ky. 112. In that case, it appears that the act provided for the appointment of a board of equalization, by the mayor, with the consent of the board of aldermen in September, 1882, but the board that acted in that year was not appointed until November, and the appointment was made without the consent and approved by the board of aldermen.

Under these circumstances, the court held that during the sittings of this board in November, 1882, it was without authority to raise or revise any assessments. This is the only Kentucky case to which our attention is called by counsel, although authority from other states that gives support to the proposition is referred to.

It does not appear from the opinion in the Slaughter case that the statute there under consideration contained the provision found in section 3542, of the Kentucky Statutes, that "any failure or informality in the elec-

tion of said supervisors, or in their meetings or proceedings, shall not affect the validity of the tax." Therefore, that case.is not pertinent or controlling authority in the disposition of this one.

Under the words of the section just quoted, we are of the opinion that it is not essential to the validity of the acts of the board of supervisors that they should be appointed prior to the Thursday following the second Monday in May, or that they should meet for the performance of their duties on that day. On the contrary, we think that supervisors may be appointed and may proceed with the performance of their duties at any time during the year, and that if the supervisors appointed fail to qualify or meet, that others may be appointed during the year in their place as often as the necessity requires until supervisors are found who will meet and perform the duties of the office.

Of course, the city authorities and the board should observe the law and act within the time provided, but if they or either of them fail or neglect to do this, such failure or neglect will not prevent other appropriate action by the one that is delinquent.,

The very purpose of inserting in section 3542 the provision quoted was to save the city from any loss that might be occasioned by any failure or informality, or irregularity in the appointment of the supervisors, or in the time of their meeting, or the manner of their proceedings. Under this statute the essential things are: (a) that the supervisors shall be appointed by the board of council; (b) that notice of the time and place of their meeting shall be given as required by the statute.

In Anderson v. City of Mayfield, 93 Ky. 230, it was sought to enjoin the collection of taxes upon the ground that the assessor had not returned his lists to the proper office within the time prescribed, but the court said: "This provision is not, however, for the benefit of the taxpayer. It is not important to him. Its object is to secure for the city order and dispatch in the collection of its taxes and the transaction of its business. . . . The requirement being merely directory, the making of the assessment at a later period did not render it and proceedings based upon it void."

In Mossett v. Newport & Cincinnati Bridge Company, 106 Ky. 518, the bridge company sought to enjoin the board of supervisors of Campbell county from increasing

the assessment of its bridge, upon the grounds, first, that the order appointing the supervisors was void, because made at Newport on the third Monday in November, 1898, in place of at Alexandria, the county seat, on the first Monday in November; and second, that the board of supervisors failed to meet at the county seat, Alexandria, on the first Monday in January, but instead met at Newport.

It appeared that under a literal and mandatory interpretation of the statute, these grounds were well taken, but the court held the action of the board to be valid, saying that the statute provided that "any informality or irregularity in the execution of their duties as supervisors, and any failure of duty on their part shall not render an assessment invalid;" and, further, that the provisions of the statute not observed in the appointment or meeting place of the board were merely directory.

See also U. S. Fidelity & Guaranty Company v. Board of Education of Somerset, 27, Ky. Law Rep. 863; Star Milling Company v. Board of Councilmen, 125 S. W. 1051; Caldwell County v. First National Bank, 151 Ky. 720.

Wherefore, the judgment appealed from is reversed with directions to the lower court to overrule the demurrer to the petition as amended, and for further proceedings not inconsistent with this opinion.