## City of Corbin, for Use and Benefit of Moore, v. Rains.

May 24, 1940.

Flem D. Sampson, Judge.

M. A. Gray for appellant.

W. R. Henry, for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

Corbin, a city of the third class, brought this action against S. J. Rains, Jr., to enforce a street improvement lien against his property for $153.05, with interest and penalty. The improvement was made by virtue of an ordinance duly passed by the city under authority of Sections 3450 and 3459a-1, Kentucky Statutes, which provide the cost of improvements shall constitute a lien upon the abutting property.

In his answer and counterclaim, as amended, Rains does not deny the amount of the city's claim nor that it has a statutory lien against his property for the balance due on the improvement assessment. He pleads that on March 28, 1927, he was paid an assessment warrant in the sum of $137 which he held against the property of one Eldridge; that he delivered this $137 check on that date to James Downing, city treasurer, directing him to turn same over to the city collector to be credited on the improvement lien against Rains' property; that the city failed to give him credit therefor, and it is now indebted to him in the sum of $137 with 6% interest per annum from March 28, 1927, subject to the $153.05 improvement lien against his property.

After the parties pleaded to an issue, depositions were taken and upon a submission of the cause to the chancellor, he, adjudged the lien with interest against Rains' property amounted to $146.27; that the city never credited Rains with the $137 he paid the city treasurer on March 28, 1927, which sum with interest from that date amounts to $241.46; and judgment was entered for Rains on his counterclaim for $91.88, the difference be-

tween the lien against his property and the amount he paid the city, plus interest from March 28, 1927. The city appeals.

No complaint is made in the briefs as to the figures in the judgment and we presume they are correct. Rains made a motion to dismiss the city's appeal on the ground that the only controversy between the parties is whether he was given credit for $137 paid on March 28, 1927, hence the amount in controversy is less than $200 and no appeal lies. Section 950-1, Kentucky Statutes, fixes the minimum amount in controversy over which this court has jurisdiction on appeal at $200. But that section provides:

"An appeal may be taken to the court of appeals as a matter of right from the judgment of the circuit court in all cases in which the title to land or the right to an easement therein, or the right to enforce a statutory lien * * * is directly involved * * *."

It is earnestly insisted by Rains that as he does not deny the amount of the lien, nor deny there is a lien upon his property to secure the balance of the improvement assessment against same, this action does not directly involve the enforcement of a statutory lien, but that the only controversy between the parties is whether he paid the city $137 on March 28, 1927. He calls our attention to the well-established rule that where the controversy relates to the damages to land or to an easement and there is no issue between the parties as to the title of the land, or as to the use of the easement, no appeal lies where the amount in controversy is less than $200, since the title to the land or the right to the easement in such cases is not directly involved. Haynes v. Adsit, 167 Ky. 443, 180 S. W. 536; Illinois C. Ry. Co. v. Major, Ky., 121 S. W. 646; City of Covington v. McKenna, 86 S. W. 689, 27 Ky. Law Rep. 784; Sutton v. Catron, 151 Ky. 671, 152 S. W. 767; Burk Hollow Coal Co. v. Lawson, 160 Ky. 209, 169 S. W. 695. But these cases have no application here as we are confident we are dealing directly with the enforcement of a statutory lien.

Appellant cites many authorities such as Fehler v. Gosnell, 99 Ky. 380, 35 S. W. 1125, 18 Ky. Law Rep. 238; Mackin v. Wilson, 45 S. W. 663, 20 Ky. Law Rep. 218; Huesman v. Dersch, 109 S. W. 319, 33 Ky. Law

Rep. 77, to the effect that this court has jurisdiction in this case although the amount involved is only $137, because a question of a lien on real estate is involved. But an examination of these cases shows they were decided before Section 950 was amended by the 1914 General Assembly (chapter 23). Previous to the 1914 amendment, Section 950 provided no appeal should be taken to this court from a judgment for the recovery of money or personal property if the value in controversy be less than $200; then after excepting certain actions from an appeal (with which we are not concerned here), the section concluded: "In all other civil cases, the court of appeals shall have appellate jurisdiction over the final orders and judgments of all courts." Thus it is seen such cases are no authority under the present statute as jurisdiction was conferred upon this court by the above-quoted clause, "in all other civil cases," regardless of whether or not the enforcement of a statutory lien was directly involved.

We thus see that the authorities cited us by the parties are not determinative of the court's jurisdiction in this case. This action is to foreclose a street improvement lien and the fact that Rains contends the amount of the lien has been satisfied does not take from the action the direct issue of plaintiff's right to foreclose its statutory lien. A case directly in point is City of Richmond v. Shackelford, 187 Ky. 789, 220 S. W. 758. There, suit was brought to recover a city tax of $239.81, and Shackelford admitted he owed the tax in the amount of $154.13 and tendered that sum to the city, and the sole controversy, as he contended, was the difference in the two amounts of $85.71. This court held it had jurisdiction of the appeal because the city was attempting to enforce a statutory lien against Shackelford's property in the sum of $85.71. The only difference between the instant case and the Shackelford case is in the amount of the lien sought to be enforced, however, in each instance the lien was less than $200. Rains' plea that the lien has been satisfied does not prevent the enforcement of the lien from being directly involved in this action.

Having reached the conclusion this court has jurisdiction, we now approach the merits of the case. Grover Lanhan, whose connection with the city is not shown in the record, testified he had charge of the city records

and they failed to show any credit of $137 on Rains' street improvement. W. H. Candler, the Mayor of Corbin, testified that during the year 1927, he was city treasurer and that Downing had nothing to do with the deposits or collections of the city of Corbin. The city clerk, Campbell, testified from the records of the city that Candler was city treasurer on March 28, 1927, and on May 28, 1927, and that Downing was not city treasurer from March 1, 1924, until his death, four or five years ago.

Rains testified that Downing was the city treasurer on May 28, 1927, and he delivered the $137 check to Downing with the request that it be credited on his street improvement; that Downing replied he could not do this, but would have to turn the check over to the city collector, who could apply it as directed by Rains. The city filed written exceptions to Rains' testimony relative to this conversation and transaction with Downing on the ground that as he was dead at the time Rains testified Section 606, Subsection 2, of the Civil Code of Practice forbade him testifying for himself concerning any verbal statements or transactions with Downing. The chancellor overruled these exceptions and the city reserved an exception to this ruling. There can be no doubt that the exceptions are well taken, as such evidence is clearly incompetent as we have held under a long line of decisions, one of the latest being Wabash Elevator Co. v. Illinois C. R. Co., 279 Ky. 164, 130 S. W. (2d) 76. With this testimony excluded, there is no proof in the record upon which a judgment could be rendered in favor of Rains.

It follows the chancellor erred in adjudging Rains was entitled to be credited by $137 with interest from March 28, 1927, and in adjudging him the balance due thereon after the improvement lien was satisfied against his property. Judgment should have been entered adjudging the city a lien for the balance of $146.27 with interest from February 25, 1929, and its cost, and directing that the same be foreclosed against Rains' property.

Judgment reversed for proceedings not inconsistent with this opinion.