## Davidson v. Board of Education of City of Pikeville, et al.

(Decided June 19, 1928.)

### Appeal from Pike Circuit Court.

1. Statutes.—Whether statute is mandatory or directory does not depend on its form, but on intention of Legislature ascertained from consideration of entire act, its nature, object, and consequences resulting from construction.

2. Statutes.—Where provision of statute relative to immaterial matter as to which compliance with statute is matter of convenience, or where directions of statute are given merely with view to proper, orderly, and prompt conduct of business, provision may generally be regarded as directory.

3. Officers.—Where statute specifies time within which a public officer may perform an official act, act of officer is valid, if statute is substantially complied with.

4.  Schools and School Districts.—Substantial compliance is sufficient
    with Ky. Stats., sec. 3587a-20, providing that general council must
    submit question whether bonds shall be issued for school purposes
    to qualified voters at time fixed, not less than 15 nor more than 30
    days from time certificate is filed, since statute simply imposes
    duty on public officers, and directs them when they must discharge
    duty and how they must discharge it.

5.  Schools and School Districts.—Holding of election on question of
    issuing bonds for school purposes on thirty-third day after filing
    of certificate with general council was substantial compliance with
    Ky. Stats., sec. 3587a-20, specifying not less than 15 nor more than
    30 days from filing certificate.

MOORE & CHILDERS for appellant.

STRATTON & STEPHENSON for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

The board of education of Pikeville adopted a reso-
lution under section 3587a20, Kentucky Statutes, show-
ing that it was necessary for the proper accommodation
of the school children to acquire more land and erect and
improve the school buildings and that for this purpose a
bond issue of $65,000 was necessary. The resolution was
certified to the council on February 19, 1928. The coun-
cil on that day passed an ordinance calling an election to
be held on March 24, to take the sense of the people on
the bond issue. The election was held. More than two-
thirds voted for the bond issue and thereupon an ordi-
nance was passed directing the issue and sale of the
bonds. Appellant Davidson then filed this suit attack-
ing the validity of the proceeding and praying that the
city authorities be enjoined from issuing the bonds. The
circuit court dismissed the petition, and he appeals.

The only ground relied on for the reversal of the
judgment is that the election was not properly called.
The statute provides:

> "It shall, thereupon, be the duty of the general
> council . . . to adopt an ordinance submitting to
> the qualified voters of the city, at a time to be fixed
> in said ordinance, not less than fifteen nor more than
> thirty days from the time such certificate is filed with
> it, the question whether bonds shall so issue for the
> purpose or purposes aforesaid."

It is insisted that as the resolution of the board of education was certified to the general council on February 19, and the election was ordered held on March 24, which was more than 30 days from February 19, the election was void.

The fact is that March 24 was Saturday, and, although this was the thirty-third day after the resolution was certified to the council, the election was fixed for Saturday, no doubt on the idea that in this way a larger vote would be secured and the real sense of the people would be better taken, as many persons are not so busy on Saturday as on other days of the week.

The rules as to when a statute is mandatory and must be literally followed, or when it is directory and may be substantially followed, are these:

"Whether a particular statute is mandatory or directory does not depend upon its form, but upon the intention of the Legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other." 36 Cyc. 1157.

"When a particular provision of a statute relates to some immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, the provision may generally be regarded as directory." 36 Cyc. 1158.

"A statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory merely, unless the nature of the act to be performed, or the phraseology of the statute, or of other statutes relating to the same subject-matter, is such that the designation of time must be considered a limitation upon the power of the officer; but under statutes conferring privileges upon private individuals for a certain period of time, such privileges cannot be exercised after the lapse of the time allowed." 36 Cyc. 1160.

The rule that, where a statute specifies a time within which a public officer may perform an official act, the act of the officer is valid, if the statute is substantially complied with, has been upheld by this court in Blimm v.

Commonwealth, 7 Bush, 320; Varney v. Justice, 86 Ky. 596, 6 S. W. 457, 9 Ky. Law Rep. 743; Caldwell County v. First Nat. Bank, 151 Ky. 720, 152 S. W. 757; Hardy v. Russell, 181 Ky. 287, 204 S. W. 145; Jones v. Steele, 210 Ky. 205, 275 S. W. 790.

A different rule is applied where a privilege is conferred upon a private person to be exercised within a certain period of time, as under the statute allowing a motion for a new trial in 3 days or allowing 60 days in a criminal case for an appeal. In such cases the time limit is a part of the right granted. The statute was clearly intended to be mandatory or the right would not have been limited by the Legislature. The limitation is a part of the right granted to the private person. Not so here. The statute simply imposes a duty upon a public officer, and directs him when he must discharge this duty and how he must discharge it. Such statutes from the very nature of the case must be substantially complied with. But to avoid official acts for unsubstantial violation of the statute would be to defeat the plain purpose of the Legislature.

The purpose in providing that 15 days must elapse before the election was to secure adequate notice to the public of the election. The purpose of requiring that the election must be held within not more than 30 days was to prevent an unreasonable delay of the election by a council that might be unfriendly to a bond issue. The election here was not unduly delayed. To hold the election on Saturday, which was the thirty-third day, was a substantial compliance with the statute, and could have affected nobody's rights.

Judgment affirmed.