[Civ. No. 13609.   First Dist., Div. One.   Dec. 18, 1947.]

GEORGE PEAK, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, Respondent.

George Peak, in pro. per., for Petitioner.

T. Groezinger and John A. Rowe, Jr., for Respondent.

BRAY, J.—Petitioner, claiming to have sustained injuries in the course of his employment by the Reliance Trailer and Truck Company, filed with the Industrial Accident Commission an application for adjustment of claim. After hearings thereon, the commission found that he had sustained such injuries and that they caused temporary total disability from September 8 to and including November 30, 1945, in addition to one day in February and two days in March, 1946. An award was made of compensation for said periods at the rate of $30 per week, together with further medical treatment to cure and relieve him from the effects of the injury. Petitioner applied to the commission for a rehearing of his application, which was denied. He now seeks to have this court review and annul the commission's award.

Petitioner is acting in propria persona, and in his briefs airs every possible complaint, proposes innumerable questions, without citing authority, on matters well established by law, and in general makes it rather difficult to separate the wheat from the chaff. We have considered all points raised by petitioner, most of which are without merit and

do not justify discussion here. There are, however, seven points worthy of consideration, one, major, the others, minor.

1. *The Dr. Tyler Report*

Petitioner was injured "in the latter part of August." He was treated by his employer's physician for several days. He claims that upon his arrival home on September 1, 1945, he could not walk and that "on Monday" (apparently September 3) he called a Dr. Tyler, who ordered him to the hospital at once. While at the hospital Dr. Tyler continued to treat him. Petitioner claims that his total temporary disability commenced on September 1. The commission found that it commenced September 8. At the time of making its award, the commission had on file and before it a letter or report of Dr. Tyler, dated September 27, in which the doctor stated that he had seen petitioner (apparently for the first time) on September 8. That the finding by the commission as to the date of the commencement of disability is based upon this report, is admitted by the commission's answer. "Dr. Tyler in his report of September 27, 1945, states that he called on Mr. Peak September 8, 1945, and that he placed him in the hospital at that time. . . . In view of Mr. Peak's inaccuracy as to dates generally, the Commission very properly took as a fact the statement of Dr. Tyler who had his records to which to refer." This report is also referred to by the commission as support for other findings.

Petitioner swears positively that he never received a copy of this report. There is nothing in the record to show to the contrary. There is a letter dated April 7, 1947 (defendants' Exhibit No. 2) sent by the insurance carrier to the commission in which it encloses certain medical reports, including the one in question, to the commission. This letter states "Copies of these reports are being forwarded to Mr. George Peak, 1601 Fifth Street, San Rafael." There is no affidavit of mailing nor any positive statement that the reports actually were mailed to petitioner. On April 29, petitioner wrote the referee: "I have just received from the California Casualty Indemnity Exchange some Medical Reports, very fragmentary, . . . and none at all from Dr. Tyler the physician who ordered me to the hospital in September 1945 . . . Am I correct in my understanding that they were to furnish me with copies of all the medical reports they wished to file in the matter?"

The commission contends that when the following colloquy

took place the failure of petitioner to say that he did not get Dr. Tyler's report constituted either an admission that he had received it, or a waiver of his failure to get it. "REFEREE: Medical file of the California Casualty Indemnity Exchange under covering letter dated April 7, 1947, received into evidence as Defendants' Exhibit #2. MR. PEAK: Did Dr. *Dr.* DeLancey send in a report? MR. FULLER [for the commission]: We have Dr. C. A. De-Lancey's report. Did you get copies? MR. PEAK: Have you got Dr. Tyler's report of the x-rays? MR. FULLER: If you mark which ones you didn't get I will jot it down and see that copies are sent. MR. PEAK: I didn't get Dr. Williams, none of Dr. DeLancey's or Dr. McCarthy. Have you got one of Dr. Sale?"

This colloquy does not have the effect contended by the commission. Neither the letter of the carrier, nor this colloquy, can overcome the petitioner's positive averment that he did not receive the Tyler report. Therefore, we must assume that he did not receive it.

Section 5703 of the Labor Code provides: "The commission may receive as evidence . . . and use as proof of any fact in dispute, the following matters, in addition to sworn testimony presented in open hearing: (a) Reports of attending or examining physicians."

Section 5704 provides: "Transcripts of all testimony taken without notice *and copies of all reports* and other matters added to the record, otherwise than during the course of an open hearing, shall be served upon the parties to the proceeding, and an opportunity shall be given to produce testimony in explanation or rebuttal thereof before decision is rendered." (Emphasis added.)

Section 1 of rule XI, Rules of Practice and Procedure of the commission, provides: "Where written evidence is filed in lieu of oral evidence, in the form of *medical reports,* . . . sufficient correct copies thereof shall be prepared by the party filing and shall be served upon the adverse parties before or at the hearing." (Emphasis added.) Rule VIII, section 5, provides: "Copies of all . . . reports . . . shall be served on all adverse parties by the parties filing same. . . . Proof of such service may be made by either affidavit of service or by a written statement endorsed upon such pleading, report or document, or in a letter of transmittal setting forth the

names and addresses of the persons served, the date of service and the fact as to whether such service was made personally or by mail.'' There is no such proof in this record. Rule XIX entitled ''Medical Reports'' provides: '' . . . all parties to the application must . . . send to the Commission copies of all medical reports of all doctors appointed by them and all other medical reports that they may have in their possession or under their control relating to the dispute or controversy and send copies of such reports to the adverse party's attorney or representative, if there be one; otherwise to said party.''

In *Southern California Edison Co.* v. *Industrial Acc. Com.,* 75 Cal.App. 709 [243 P. 455], referring to the use by the commission of excerpts from expert testimony received by it in other cases, under a section of the Workmen's Compensation Act which has been reenacted into the present sections 5703 and 5704 of the Labor Code, the court said (p. 716): ''But the record does not show that there was a compliance with the provisions of the foregoing section, for manifestly to meet its requirements it would be necessary to attach to or make a part of the record in the instant case any such excerpt of expert testimony received in any other case, and in addition it would be necessary to have it appear in the record that *copies of such testimony were served upon the parties in this proceeding.*'' (Emphasis added.)

Petitioner makes some reference to other medical reports which were filed with the commission, of which he claims he did not receive copies. It is not clear to us just what reports these are. Of course, he is entitled to copies of any reports that were filed with the commission. As to X-rays, under rule XIX, section 2, petitioner is not entitled to copies of X-rays, but only to have them made available to physicians designated by him.

It appears that the requirements of the Labor Code and of the rules of the commission have not been complied with, and hence petitioner was not given an opportunity as required by section 5704 of the Labor Code ''to produce testimony in explanation or rebuttal thereof before decision is rendered.'' We have no way of knowing whether such testimony exists. The award will have to be set aside to give him the opportunity of producing it if it does exist.

2. *Additional Claims of Injury*

Petitioner claims that at the hearing he filed addi-

tional claims for two other injuries and that although the findings were that he sustained the injuries, he was awarded nothing. As these cases were consolidated for hearing with the original case, and as the findings included these injuries, it must be presumed that they were included in the award.

### 3. *Movie Film*

At. the hearing, moving pictures taken of petitioner by the insurance carrier without his knowledge for the purpose of showing by his activities that his injuries were not as severe as claimed, were shown. The rolls of film were admitted in evidence. Petitioner complains that he did not receive copies. Petitioner does not refer to any requirement of law or rule providing that he must be given such copies, and we know of none, nor has he been injured in any way by failure to receive such copies.

### 4. *Deduction from Wages*

At the end of the hearing of April 18, 1947, the carrier requested that petitioner be examined by another physician. Pursuant to this request petitioner submitted himself to that doctor for examination on the day appointed. He was necessarily absent from his work 1½ hours and his employer docked his wages accordingly. While this question has not been passed upon by the courts, it is obvious that the employee is entitled to compensation for time lost while complying with the request of the employer's insurance carrier in being examined by the carrier's physician. By Labor Code, section 4053, the employee is bound to submit to such examinations or his right to begin or maintain any proceeding for the collection of compensation is suspended. As this deduction was made after the hearing it was not an issue before the commission. However, as there must be a further hearing of this matter, undoubtedly the commission will include in its new award an allowance for the amount of wages deducted.

### 5. *Wife's Services*

Petitioner contends that he is entitled to an award for the services of his wife in nursing and administering to his needs during his illness. In his petition for rehearing petitioner made no mention of this contention. Hence he is barred from raising it here. ''The petitioner for rehearing shall be deemed to have finally waived all objections, irregularities, and illegalities concerning the manner [matter]

upon which the rehearing is sought other than those set forth in the petition for rehearing." (Lab. Code, § 5904.)

### 6. *Jurisdiction of Commission*

█ Petitioner contends that the commission lost all jurisdiction to make any award because it did not file its findings within 30 days of the final hearing. To follow this argument to its logical conclusion would mean that the commission never can make an award to petitioner for the disability consequent upon his injuries. Petitioner cites section 5800, Labor Code, which provides: "After final hearing by the commission, it shall, within thirty days, make and file: (a) Its findings upon all facts involved in the controversy. (b) Its order, decision or award stating its determination as to the rights of the parties." He contends that a failure to file the findings and to make its order within the prescribed 30 days causes the commission to lose jurisdiction of the proceeding. To hold that a failure of the commission to so act within the prescribed period causes the commission to lose jurisdiction to make an award to an injured employee, would be absurd.

### 7. *No Answer Filed*

█ Neither the employer nor the insurance carrier filed with the commission any answer to petitioner's application for adjustment of claim. Petitioner contends that this constituted an admission of all of the matter set forth in his application and that, therefore, the commission acted erroneously in permitting the carrier to appear at the hearing and introduce evidence and to cross-examine petitioner. At the opening of the hearing the following occurred: "REFEREE: What facts can be admitted, Mr. Fuller? MR. FULLER: We can admit everything. The issue is nature and extent of disability. REFEREE: Admit injury? MR. FULLER: Yes." Where no answer is filed, the conduct of the hearing and the allowance of evidence by the nonanswering defendant are matters in the discretion of the commission. Section 5505 of the Labor Code, after providing that a defendant "may" answer within five days of the service of the application upon him, provides: "Evidence upon matters not pleaded by answer shall be allowed only upon the terms and conditions imposed by the commission, or by the commissioner or referee holding the hearing." Section 5506 of the Labor Code provides in part: "If the defendant fails to appear or answer, no default shall be taken against him, but the commission shall

proceed to the hearing of the matter upon the terms and conditions which it deems proper.''

. It is apparent from the above code sections that the discretion of the commission in this respect is very broad, and properly so, too. The proceedings before the commission should be liberal and not restricted by any technicalities of pleading. The commission, in its Rules of Practice and Procedure adopted pursuant to Labor Code, section 5307 (''The commission may: (a) Adopt reasonable and proper rules of practice and procedure''), and in the spirit of the liberality indicated by the Labor Code, has provided rule VII, section 8: ''The filing of an answer is not mandatory. . . .'' and section 10: ''Evidence upon matters not pleaded by answer shall be allowed only upon such terms and condi-. tions as may be imposed by the Commission or Commissioner or Referee holding the hearing.''

The award is annulled and the cause remanded to the commission for further hearing in accordance with the views herein expressed.

Peters, P. J., and Ward, J., concurred.

A petition for a rehearing was denied January 17, 1948, and petitioner's application for a hearing by the Supreme Court was denied February 9, 1948.