[Civ. No. 17256.   First Dist., Div. One.   Dec. 15, 1958.]

M. M. KOEHN, Petitioner and Respondent, v. STATE BOARD OF EQUALIZATION et al., Defendants and Respondents; ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Appellant; E. L. LEDGER, Real Party in Interest.

Coleman E. Stewart and Edsel W. Haws, Senior Counsel, for Appellant.

Dodge & Evans, Robert P. Brorby, Johnston & Johnston, Willard S. Johnston, George H. Johnston and Benjamin H. Parkinson, Jr., as Amici Curiae on behalf of Appellant.

Stanley Mosk and Edmund G. Brown, Attorneys General, Charles A. Barrett, Deputy Attorney General and Albert G. Evans for Respondents.

Dodge & Evans and Robert P. Brorby for Real Party in Interest.

BRAY, J.—The Alcoholic Beverage Control Appeals Board (hereafter referred to as Appeals Board) appeals from a superior court judgment ordering issuance of a writ of mandate commanding said Appeals Board to vacate its order reversing the order of the State Board of Equalization\* indefinitely suspending the beer and wine wholesale license of E. L. Ledger dba Ledger's Distributing Company and further ordering said Appeals Board to determine all issues left undecided on the appeal from the State Board's order.†

---

\*Subsequently to the making of this order the State Board of Equalization has been succeeded by the Department of Alcoholic Beverage Control. The term ''State Board'' as used herein will include both the State Board of Equalization and the Department of Alcoholic Beverage Control.

†In *Koehn* v. *State Board of Equalization,* 50 Cal.2d 432 [326 P.2d 502], it was held that the Appeals Board has the right to bring this appeal.

RECORD

March 24, 1953, petitioner and respondent Koehn filed an accusation under section 40 of the Alcoholic Beverage Control Act (now Bus. & Prof. Code, § 24201) charging Ledger with a violation of section 6(f) of the act (now Bus. & Prof. Code, § 23779) in failing to actually engage in a bona fide wholesale liquor business under his license in that he made no sales for a period in excess of 45 days other than to himself. July 24, the hearing officer filed a proposed decision in which he found the charge not true and recommended that the accusation be dismissed. August 20, the State Board adopted the proposed decision as its decision, ordering it to become effective September 21. September 10, Koehn filed a petition for reconsideration. September 17, the State Board postponed the effective date of its order of August 20 to October 13. September 30 Ledger filed objections to the petition. October 8, the State Board granted the petition for reconsideration and ordered the matter referred to the hearing officer for additional hearing. November 24, the petition was heard. The written stipulation of Koehn and Ledger was filed to the effect that Ledger had made no sales at wholesale of either beer or wine to any retail licensee during the period August, 1948, to date. February 26, 1954, the hearing officer submitted a proposed decision finding that Ledger had made no sales during the period charged and recommended that the accusation be dismissed with a warning. September 16, the State Board declined to adopt the proposed decision and determined to decide the case pursuant to the provisions of subdivision (c) of section 11517, Administrative Procedure Act. December 16, the State Board ordered that Ledger's license be suspended indefinitely until such time as he might engage in a bona fide wholesale business. The decision was to become effective January 17, 1955. The certificate of this decision is dated December 28. Ledger filed a petition for reconsideration. This was denied January 11. February 4, Ledger filed with the Appeals Board an appeal from the decision of the State Board raising three points: (1) Did the State Board have jurisdiction to make its decision of December 28, 1954? (2) Did it proceed in the manner required by law in rejecting the stipulation for continuance entered into by the adverse parties? (3) Was the State Board's interpretation of the effect of section 23779, Business and Professions Code (formerly § 6 (f), A.B.C. Act) accurate? July 20, 1955, the Appeals Board held that the State Board did not have juris-

diction and reversed its decision solely on that ground, stating that it felt that it was unnecessary to pass upon the other two points. Koehn then filed in the superior court a petition for writ of mandate praying for an order vacating the order of the Appeals Board dismissing the indefinite suspension as made by the State Board and directing the State Board to revoke Ledger's license. The superior court judgment was as hereinbefore set forth.

### QUESTIONS PRESENTED

1. Did the State Board have jurisdiction to order reconsideration 48 days after decision? This, in turn, depends upon the power of the State Board to order a stay.

2. Were the findings proper?

3. Is judicial review of the Appeals Board's acts limited to certiorari in the District Court of Appeal?

4. Did the Appeals Board exceed its jurisdiction?

5. Should this court decide issues not decided by the superior court or the Appeals Board?

1. *Stay Order.*

██ August 20, 1953, was the date of the decision of the State Board. It was to become effective September 21. October 8, the order granting reconsideration was made. This was approximately 48 days after the decision. Admittedly, unless there was a valid stay order in effect, the power to grant reconsideration expired September 21. This brings us to the validity of the stay order made September 17 postponing the effective date to October 13. Appellant contends that section 11521, subdivision (a), which provides for a stay for the purpose of filing an application for reconsideration, is not applicable for the reason that the order of September 17, postponing the effective date of the decision, cannot be a stay for the purpose of filing an application for reconsideration, because such an application was then on file.

██ It is the general rule that an administrative agency does not have the power to rehear or reopen its decision in the absence of statutory authority. (*Pacheco* v. *Clark* (1941), 44 Cal.App.2d 147, 153 [112 P.2d 67].) Where that power is conferred by statute the agency must exercise the power in accordance with and in the mode prescribed by statute. (42 Am.Jur. 379; 73 C.J.S. 492.) In *Moran* v. *Board of Medical Examiners* (1948), 32 Cal.2d 301, 304 [196 P.2d 20], it was stated that the administrative agency's power to order recon-

sideration expired on the effective date of the decision as set by the agency.

. Section 11521, subdivision (a), Government Code, provides: "The agency itself may order a reconsideration of all or part of the case on its own motion or on petition of any party. The power to order reconsideration shall expire 30 days after the delivery or mailing of a decision to respondent, or on the date set by the agency itself as the effective date of the decision if such date occurs prior to the expiration of the 30-day period or *at the termination of a stay of not to exceed 30 days* which the agency may grant for the purpose of filing an application for reconsideration. If no action is taken on a petition within the time allowed for ordering reconsideration the petition shall be deemed denied." (Emphasis added.)

Under this section, appellant concedes, had there not been an application for reconsideration on file, the State Board could at any time before the effective date of the decision, namely, September 17, have granted a stay of 30 days "for the purpose of filing an application for reconsideration," but as one was already on file before the effective date arrived, appellant contends that the board had no power to stay the order until the board could act upon such application. Such an interpretation would result in the absurd situation, that if one desiring reconsideration would withhold filing his petition the board could stay for 30 days the effectve date of the decision, but if he filed such petition it could not and would have to determine his petition before the effective date of the order arrived. In interpreting section 11521 (a) the following language is important: "If no action is taken on a petition within the time allowed for *ordering reconsideration* the petition shall be deemed denied." (Emphasis added.) Thus, the stay provided for is not just to allow additional time for the *filing* of the petition but is also to allow additional time to consider it and to *order* reconsideration if deemed advisable. This would necessarily apply to a petition already filed as well as to one that was to be filed. This is the common sense construction of the statute. (See 23 Cal.Jur. p. 736, § 113.)

Applicable here is the following from *Goldsmith* v. *Board of Education*, 66 Cal.App. 157, 163 [225 P. 783] : "It is a cardinal rule of statutory construction that where the language of a statute is, upon its face, reasonably susceptible of either of two constructions, one which, in its application, will render it reasonable, fair, and just, and harmonious with its manifest purpose, and another which, in its application, would

be productive of absurd consequences, the former construction will be adopted." ■ Moreover, the construction of the statute by the State Board is entitled to weight. (See Witkin, Summary of Cal. Law, p. 529; 23 Cal.Jur. p. 776, § 152.)

2. *Findings.*

■ Appellant contends that in this type of proceeding findings are not required, and conversely that finding Number 7 to the effect that the postponement of the effective day of the decision was for the purpose of the State Board considering the petition for reconsideration then on file is not supported by any evidence; also that finding Number 7 to the effect that the State Board did have jurisdiction to grant reconsideration is not a finding of fact but a conclusion of law.

■ It has been held that in a mandamus proceeding if there has been a trial upon questions of fact, findings are necessary unless waived. (*Delany* v. *Toomey*, 111 Cal.App.2d 570, 572 [245 P.2d 26].) ■ In our case there were no issues of fact to be tried; the only question submitted to the court was whether, based upon the admitted facts, the State Board had jurisdiction to reconsider its decision. This, of course, is a question of law. As findings were unnecessary their correctness need not be determined. We are only concerned with the court's determination of the issue of law.

3. *Judicial Review.*

■ Appellant points to the fact that article XX, section 22, of the California Constitution, and sections 23082 and 23084, Business and Professions Code, provide in effect that the review of the acts of the State Board by the Appeals Board is limited to a quasi-judicial review of the actions of the State Board and that no new evidence may be taken. Appellant then contends that the only review of the Appeals Board's action can be by certiorari to the District Court of Appeal. It points to section 4b, article VI, Constitution, which states that the District Court of Appeal may exercise appellate jurisdiction "in proceedings of mandamus, certiorari, prohibition . . . *and in such other special proceedings as may be provided by law.* . . ." (Emphasis added.) It then argues that the Legislature, in designating as the powers of the Appeals Board, the appellate review provisions of section 1094.5, Code of Civil Procedure (writ of mandamus) applicable to constitutional agencies (compare Bus. & Prof. Code, § 23084, with Code Civ. Proc., § 1094.5, as to constitutional agencies)

intended by implication that the review provided for in section 23091, Business and Professions Code ("Final orders of the board shall be subject to judicial review as prescribed by law") would fall within the above quoted provision of the Constitution giving the District Court of Appeal original jurisdiction in "such other special proceedings as may be provided by law. . . ." Such an interpretation of "judicial review as prescribed by law" is too narrow. "[L]aw" refers to section 1094.5, Code of Civil Procedure (mandamus) and sections 1067-1077, Code of Civil Procedure (certiorari). Both the District Courts of Appeal and the Supreme Court have jurisdiction to issue writs of mandamus and certiorari. In the instances where the sole jurisdiction of certiorari from the acts of an administrative agency is in the appellate courts such exclusive jurisdiction and the necessary procedure has been set forth by the Legislature. Thus sections 1756 and 1759 of the Public Utilities Code, providing certiorari from the acts of the Public Utilities Commission, has placed jurisdiction exclusively in the Supreme Court, and Labor Code, section 5950, providing certiorari from the acts of the Industrial Accident Commission has placed jurisdiction exclusively in the District Courts of Appeal. If, in connection with acts of the Appeals Board, the Legislature intended that certiorari should be the exclusive procedure and that the District Courts of Appeal should have exclusive jurisdiction, it is reasonable to assume that the Legislature would have said so, as it did in the Public Utilities Commission and Industrial Accident Commission matters.

In *Covert* v. *State Board of Equalization* (1946), 29 Cal.2d 125 [173 P.2d 545], it was held that the State Board, although a statewide agency, had quasi-judicial powers "similar in some respects to those of a local administrative tribunal, a decision of which will be sustained if it has committed no error of law and if the evidence, although conflicting, is sufficient to support its findings of fact." (P. 131.) Mandamus was recognized there as a proper proceeding in which to review the State Board's decision. In *Boren* v. *State Personnel Board* (1951), 37 Cal.2d 634 [234 P.2d 981], the court stated that since the enactment of section 1094.5, Code of Civil Procedure (in 1945) it is no longer open to question that the writ of mandamus is appropriate for the purpose of inquiring into any final administrative order or decision of a statewide agency having quasi-judicial power. It also held that "since the jurisdiction of the State Personnel Board, including its ad-

judicating power, is derived directly from the Constitution ... the writ of certiorari is also available to review the board's decisions." (P. 637.) The jurisdiction of the Appeals Board is likewise derived directly from the Constitution, so either mandamus or certiorari is available to test its decisions. Prior to the creation of the Appeals Board it was proper to use the writ of mandate to review determinations of statewide administrative agencies (either constitutional or statutory) and local boards. Code of Civil Procedure, section 1094.5, codified that law. See 10th Biennial Report of the Judicial Council, p. 45; also *People* v. *County of Tulare* (1955), 45 Cal.2d 317, 319 [289 P.2d 11], where in a tax case the court said, "The Legislature, in section 1094.5 of the Code of Civil Procedure, has provided an appropriate method of reviewing acts of a statewide administrative and quasi-judicial agency such as the State Board of Equalization." While none of these cases deal with decisions of the Appeals Board, as the board is of recent creation, we find nothing indicating that the rule of these cases should not apply to it. The main basis upon which appellant claims that section 1094.5, Code of Civil Procedure, does not apply is that the Appeals Board does not take evidence or exercise its discretion on the facts. But the only reasonable interpretation of the whole paragraph of section 1094.5, subdivision (a), Code of Civil Procedure, demonstrates that it does apply to decisions of the Appeals Board. It is only stating that in reviewing administrative decisions on a writ of mandate, the court shall sit without a jury. It starts out: "Where the writ is issued for the purpose of *inquiring* into the *validity of any final* administrative *order or decision* made as *the result of a proceeding* in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the . . . board or officer. . . ." (Emphasis added.) It is thus just stating the kind of final order. Such applies to the Appeals Board.

The decision of the Appeals Board is the result of a proceeding mentioned in the section and is the *final* decision sought to be reviewed. See *Fiscus* v. *Department of Alcoholic Beverage Control* (1957), 155 Cal.App.2d 234 [317 P.2d 993], which held, because of the failure to exhaust administrative remedies by appealing to the Appeals Board, that a petitioner could not seek to review a decision of the department by mandamus. " '. . . The doctrine, whenever applicable, requires not merely the initiation of prescribed administrative

procedures; *it requires pursuing them to their appropriate conclusion and awaiting their final outcome before seeking judicial intervention. . . .' "* (Emphasis added.) Thus the decision of the department could not be the final order or decision referred to in Code of Civil Procedure, section 1094.5 (a), as contended by the Appeals Board, since that section must be referring to judicially reviewable final orders or decisions and not any final order or decision which may be the result of, at different levels, a hearing and determination of facts. The Fiscus case, *supra,* reached its holding even though section 24301, Business and Professions Code, states that subject to article XX, section 22 of the Constitution, any ruling or order of the department is subject to review as provided by law in any court of competent jurisdiction. In reality the judicial review is of the department's decision, although it is taken from the order of the Appeals Board, since, under article XX, section 22, the only order the Appeals Board can make is for reversal or affirmance. "When the alternative writ of mandate was issued the return and answer of the Appeals Board raised not only the issue of whether the State Board had acted within its jurisdiction, but also the issue whether the Appeals Board had acted within its jurisdiction and pursuant to its constitutional grant of authority." (*Koehn* v. *State Board of Equalization* (1958), *supra,* 50 Cal.2d 432, 437.)

Both the Superior Courts and the District Courts of Appeal have jurisdiction to issue writs of mandamus and certiorari. (Const., art. VI, §§ 4b and 5.) It has been the policy of both the Supreme Court and the District Courts of Appeal not to encourage original proceedings before it unless there are exceptional circumstances present. (See 3 Witkin's California Procedure, p. 2470.)

Thus, mandamus in the Superior Court lies to review the decision of the Appeals Board.

*4. Appeals Board Jurisdiction.*

Section 23086, Business and Professions Code (Alcoholic Beverage Control Act) provides: "Order: Time for entering. In all cases, the board shall enter its order within 60 days after the filing of an appeal." The Appeals Board order was entered over five months after the filing of the appeal. Respondent Koehn contends that the 60-day period stated in the section is jurisdictional and that the Appeals Board lost its jurisdiction to act at the expiration of that time. Applicable here is the language in *Peak* v. *Industrial Acc. Com.,* 82 Cal.

App.2d 926 [187 P.2d 905]. There the commission made an award after the expiration of the 30 days mentioned in section 5800, Labor Code, which provided: "After final hearing by the commission, it shall, within thirty days, make and file . . . Its order. . . ." The court stated (p. 932): "To hold that a failure of the commission to so act within the prescribed period causes the commission to lose jurisdiction . . . would be absurd." ▮ See 2 California Jurisprudence 2d page 180, section 94: "Statutory provisions providing that a decision shall be rendered within a defined period after hearing are generally construed to be directory only, and failure to reach a final determination within the prescribed period does not deprive the agency of jurisdiction." In *Barry v. Contractors State License Board*, 85 Cal.App.2d 600 [193 P.2d 979], the registrar filed his decision recommending the revocation of a contractor's license after the expiration of the period required by the then section 7094, Business and Professions Code (since repealed). The court held the section to be directory only. ▮ We see no good reason for holding section 23086 other than directory.

5. *Additional Issues.*

▮ As stated before, the Appeals Board held that the State Board had no jurisdiction to grant reconsideration and refused to consider the merits of the final decision of the State Board suspending Ledger's license. The Superior Court reversed the Appeals Board's finding of lack of jurisdiction, did not pass on the merits of the State Board's decision but directed the Appeals Board to determine the two other issues presented by the appeal to the Appeals Board. We are requested by respondent Koehn and by respondent State Board to determine these issues or at least to construe section 23779, Business and Professions Code, the section under which the State Board purported to act in suspending Ledger's license. Appellant opposes this request as do amici curiae representing Safeway Stores, Inc., Beverage Distributors, Inc., and respondent Ledger. The briefs of the amici curiae state that there are proceedings now pending before the State Board seeking revocation of liquor licenses of "four chains" apparently on the same grounds upon which the State Board acted in the Ledger matter. They point out that Koehn and the State Board did not appeal from the superior court judgment and that for us to disregard the portion of that judgment directing the Appeals Board to review the other issues presented to it

would be, in effect, reversing pro tanto the judgment of the superior court. They also contend that the record before us is not sufficient to enable us to properly determine these other issues. The failure of parties to appeal from a judgment requires us to assume that they are satisfied with the judgment. (See *Kofsky* v. *Smart & Final Iris Co.*, 131 Cal.App.2d 530, 532 [281 P.2d 5].) In Koehn's petition for mandamus he asked the superior court to revoke Ledger's license. The effect of our determining the merits of the appeal to the Appeals Board could possibly result in a reversal of the superior court's refusal to revoke the license from which refusal no appeal has been filed. ▮▮ ". . . 'it is well settled that parties who have not appealed cannot attack the findings and that the only objections thereto which can be considered are those urged by the appellant.' " (*Mott* v. *Horstmann* (1950), 36 Cal.2d 388, 393 [224 P.2d 11] ; see also *Palma* v. *Watson Surplus Lines Agency* (1957), 148 Cal.App.2d 879, 882 [307 P.2d 689] ; *Phillips* v. *Phillips* (1953), 41 Cal.2d 869, 875 [264 P.2d 926].) ▮▮ We see no reason for determining the questions referred by the trial court to the Appeals Board. Also, under the circumstances of this case, any construction we might give to section 23779, Business and Professions Code, would be merely dictum.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 11, 1959.