**Thomas F. HERR, Plaintiff and Respondent,**

v.

**SALT LAKE COUNTY, a body corporate and politic of the State of Utah, et al., Defendants and Appellants.**

**No. 13549.**

Supreme Court of Utah.

Aug. 14, 1974.

Carl J. Nemelka, Salt Lake Co. Atty., Kent S. Lewis, Deputy Salt Lake Co. Atty., Salt Lake City, for defendants and appellants.

Robert S. Campbell, Jr., R. G. Groussman, and Glen E. Davies, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

Plaintiff owns approximately 28 acres of land in Salt Lake County. On or about November 22, 1972, he made application to the Salt Lake County Planning Commission for authority to construct a condominium village. The Planning Commission held a public hearing on the application and on February 13, 1973, unanimously approved the application subject to the subsequent setting forth of certain conditions to be imposed upon the unit development.[1] On February 21, 1973, an appeal was taken to the Board of Commissioners of Salt Lake County from the order of the Planning Commission by residents of the community wherein the condominium was to be constructed. The appeal was heard March 8, 1973, and was taken under advisement until March 19, 1973, at which time the County Commissioners reversed and overturned the unanimous decision of the Planning Commission.

Plaitniff then brought an action in the District Court pursuant to Rule 65B(b)(3), U.R.C.P., to review and vacate the ruling of the County Commissioners and to compel them to issue the permit as granted by the Planning Commission. The trial court reversed the order of the County Commission and granted the application for a conditional use of the planned development. It is from that judgment that this appeal was taken.

---

1. Such as the height of the building, the slope of the roof, water and sewer connections, fire protection, nearness to ridge line, etc.

The issue involved in this matter is the interpretation to be placed upon Section 22–31–2(6)(b) of the Revised Ordinances of Salt Lake County, which reads:

The Board of County Commissioners, after proper review of the decision of the Planning Commission, *may* affirm, reverse, alter or remand for further review and consideration any action taken by said Planning Commission and *shall* make such decision within seven (7) days of the hearing of the appeal. [Emphasis added.]

The question is: Does the word *shall* quoted above mean that the decision must be rendered within seven days of the hearing, or is it merely advisory and does not require a decision to be rendered at any particular time?

The meaning of the word *shall* is ordinarily that of command. It is defined in the American Heritage Dictionary as follows: "2. . . . d. Compulsion, with the force of *must*, in statutes, deeds, and other legal documents." The United States Supreme Court distinguished between the words *may* and *shall* in the case of Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1946) as follows.

The word "shall" is ordinarily "language of command." Escoe v. Zerbst, 295 U.S. 490, 493, 55 S.Ct. 818, 819, 79 L.Ed. 1566. And when the same Rule uses both "may" and "shall", the normal inference is that each is used in its usual sense—the one act being permissive, the other mandatory.

The County Commission did not act within seven days but took eleven days after the hearing before it attempted to reverse the Planning Commission. Did it thereby lose jurisdiction to make its ruling? The trial court thought that it did.

This court had a related problem before it in Lund v. Cottonwood Meadows Co., 15 Utah 2d 305, 392 P.2d 40 (1964). Involved in that case was an ordinance of Salt Lake County which provided that an aggrieved party might appeal from a ruling of the Planning Commission to the Board of Adjustment within ninety days after the decision. This court held that the ninety-day period was jurisdictional, saying:

. . . The 90-day limitation of Sec. 17–27–16 is designed to assure speedy appeal to the proper tribunal any grievance that a party may have who is adversed by a decision of an administrative agency. The evident purpose of the statute is to assure the expeditious and orderly development of a community, etc. . . .

We think the County Commission should abide by its own ordinance which says it *shall* make its decision within seven days after the hearing, and if it fails so to do, it loses its jurisdiction in the matter.

The judgment of the district court is affirmed. No costs are awarded.

CALLISTER, C. J., and HENRIOD and TUCKETT, JJ., concur.

CROCKETT, Justice (dissenting):

Three propositions combine to persuade me that the decision of the Board of County Commissioners should not be voided on procedural grounds. (In view of the disposition of this case, consideration of the merits of their decision rejecting construction of the condominium is not reached.)

First: A requirement that a tribunal, performing judicial functions, "shall" act within a stated time is usually considered to be directory rather than mandatory; and before a negation of jurisdiction is justified because of delay in making a decision, prejudice to the party complaining must be shown.[1]  Relating to that

---

1. Lynch v. Coviglio, 17 Utah 106, 53 P. 983; Sperisen v. Heynemann, 149 Cal.App.2d 228, 308 P.2d 436; Cullen v. Building Inspector of No. Attleborough, 353 Mass. 671, 234 N.E. 2d 727; Koehn v. State Board of Equalization, etc., 166 Cal.App.2d 109, 333 P.2d 125 (1959); Peak v. Industrial Accident Commission, 82 Cal.App.2d 526, 187 P.2d 905.

proposition, there is an abundance of cases dealing with whether the word "shall" should be construed as absolutely mandatory, or as merely directory. On examining them it will be seen that there can be no doubt that the true meaning and intent should be determined from the context and the purpose in which the word is used. This is illustrated in the case of Escoe v. Zerbst,[2] on which the main opinion relies in part. The court stated:

> "shall" . . ., it is the language of command, a test significant, *though not controlling*. (Citations omitted.) Doubt, however, is dispelled when we pass from words alone to a *view of the ends and aims*.[3] (Emphasis added.)

In applying that fundamental rule of construction, the courts have seen a significant difference between the necessity of compliance with prescribed time limitations by *the parties* as between themselves, as distinguished from limitations upon *the tribunal* in rendering its judgment.[4] With respect to the latter, in considering the purposes of such statutes or ordinances, the courts have generally interpreted such requirements simply as regulations for the orderly and convenient conduct of public business, and not as a condition precedent to the validity of the acts done; and have therefore held quite uniformly that failure of strict compliance with these requirements does not deprive the tribunal of jurisdiction.[5] This should be especially so when the delay is of relatively short duration (as it was here) and thus more likely due to inadvertence than to intentional failure or neglect of responsibilities for a substantial period of time.

Second: The decision of the County Commission was in fact announced *within seven work days after the hearing*. It was held on Thursday, March 8, 1973; and the decision was made on Monday, March 19. Therefore, if the non-work days, Saturdays and Sundays, are excluded, the decision was actually made on the seventh work day. Since the Ordinances of Salt Lake County provide no definition for this computation of time, this action by the County Commission could properly be regarded as a not unreasonable operational construction of the ordinance which allows seven days in which to make the decision.

Third, and finally: Such delay as occurred, from Thursday to Monday, was purely a procedural irregularity from which no one was or could be in any way adversely affected. From anything I have been able to discover, where there has been a short delay in a decision by such a tribunal, in the absence of any showing of prejudice to the parties in interest, the authorities have invariably declined to set aside such an order or judgment.[6]

---

In the interest of brevity these citations are limited to an illustration of the wide variety of tribunals to which this rule has been applied.

2. 295 U.S. 490, 493, 55 S.Ct. 818, 820, 79 L.Ed. 1566.

3. See also Richbourg Motor Co. v. United States, 281 U.S. 528, 534, 50 S.Ct. 385, 74 L.Ed. 1016 to the same effect.

4. Davidson v. Board of Education of City of Pikeville, 225 Ky. 165, 7 S.W.2d 1056.

5. Cullen v. Building Inspector No. Attleborough, supra, footnote 1.

6. See footnote 1 above, particularly Sperisen v. Heynemann.