**Stephen E. BRENDLE, an individual; and Richard L. Maires, an individual, Plaintiffs and Appellants,**

**v.**

**CITY OF DRAPER, a Utah municipality, Defendant and Appellee.**

No. 960296–CA.

Court of Appeals of Utah.

May 1, 1997.

Gregory D. Phillips, Terry E. Welch, and Jack M. Morgan, Salt Lake City, for Plaintiffs and Appellants.

Todd J. Godfrey and Michael Z. Hayes, Salt Lake City, for Defendant and Appellee.

Before WILKINS, GREENWOOD and JACKSON, JJ.

OPINION

GREENWOOD, Judge:

Appellants Stephen E. Brendle and Richard L. Maires (collectively, the Lot Owners) appeal the trial court's order upholding the Draper City Council's decision to prohibit the Lot Owners from building a house on a lot located in Draper City. We reverse and remand in part for further proceedings.

## BACKGROUND

In April 1994, the Lot Owners entered an option agreement to purchase Lot 304 in the Cove at Bear Canyon subdivision (the Lot). This agreement conditioned the purchase of the Lot on the Lot Owners obtaining Draper City's approval to build a house on the upper portion of the Lot.[1] Significant portions of the Lot are sloped in excess of a thirty percent grade, including its upper portion where the Lot Owners desired to build.

Although Draper City Hillside Overlay Ordinance 9–15–040(a) (the Hillside Ordinance) generally prohibits development on slopes in excess of a thirty percent grade, this ordinance grants the Draper City Planning Commission discretion to modify the thirty percent requirement upon making specific findings relative to the proposed project. Initially, the Lot Owners applied to Draper City, as opposed to the Draper City Planning Commission, for a building permit to construct a house on the upper portion of the Lot. Draper City mistakenly issued a permit to the Lot Owners before they had secured the Draper City Planning Commission's approval. Having obtained a building permit, in late April 1994, the Lot Owners purchased the Lot for $61,000 and began construction.

In June 1994, Draper City issued a stop work order because the Lot Owners failed to comply with the Hillside Ordinance's procedural requirements, namely, they failed to obtain the Draper City Planning Commission's approval. The Lot Owners contested the stop work order before the Draper City Planning Commission on June 23, 1994. The Draper City Planning Commission upheld the stop work order and denied approval to build on the upper portion of the Lot.

The Lot Owners then appealed this decision to the Draper City Council, which upheld the Draper City Planning Commission's decision. In the Lot Owners' subsequent appeal to the Third Judicial District Court, the trial court upheld Draper City's decision and determined that the Draper City Council's and the Draper City Planning Commission's actions were not arbitrary, capricious, or illegal.

The Lot Owners then approached the subdivision developer about trading the Lot for another lot or obtaining a refund of their purchase price. The subdivision developer advised the Lot Owners that with his assistance, he believed they could obtain Draper City's approval to proceed with construction on the upper portion of the Lot. Prior to the expiration of the time for appeal, the Lot Owners asked the Draper City Planning Commission to reconsider their petition to build a house on the upper portion of the Lot, stating that conditions had changed since the earlier petition and that neighboring landowners no longer opposed their petition. The Draper City Planning Commission, after considering the relevant factors under the Hillside Ordinance, voted on April 20, 1995, to permit the Lot Owners to proceed with the construction of the house.

Section 6–1–4(B) of the Draper City Land Use and Development Regulations provides that an appeal from a decision of the Draper City Planning Commission "shall be filed in writing with the City Recorder within fourteen (14) days of the Planning Commission's decision." A written appeal of the Draper City Planning Commission's decision was not filed within the fourteen-day period. After expiration of the period for appeal, the Lot Owners poured the foundation for the home at an expense of more than $50,000.

On May 26, 1995, more than fourteen days after the expiration of the appeal period, (the appeal period expired May 3, 1995), neighboring landowners appealed the Draper City Planning Commission's decision to the City Council. On or about June 1, 1995, the Draper City Community Development Director notified the Lot Owners that a neighboring landowner had filed an appeal of the Draper City Planning Commission's decision.

---

1. When the subdivision was originally platted, the Lot was intended to have a house constructed on its lower portion, facing the street. In constructing the street, however, the subdivision's developers made "cuts" into the lower end of the Lot that made the lower portion impossibly steep and, as a practicable matter, unbuildable. Because of the discrepancies between the subdivision plat and the subdivision as constructed, the Lot Owners made their purchase of the Lot contingent upon receiving Draper City's approval to build a house on the Lot's upper portion.

On June 8, 1995, over the Lot Owner's objection for lack of jurisdiction, the Draper City Planning Commission reheard the Lot Owners' petition and once again granted them permission to build on the upper portion of the Lot. This decision was then appealed to the City Council. Over similar jurisdictional objections by the Lot Owners, the City Council overturned the Draper City Planning Commission's decision and approved a stop work order.

The Lot Owners appealed to the trial court. Draper City filed a Motion to Dismiss and argued that the Lot Owners' Complaint should be treated as a petition for review under section 10–9–1001 of the Utah Code and that the trial court was therefore limited to determining whether Draper City's decision was "arbitrary, capricious, or illegal." [2] Utah Code Ann. § 10–9–1001 (1996). The trial court denied Draper City's Motion to Dismiss, but ruled that the "Complaint should be treated as a petition for review," and thereafter issued a final ruling and order. The trial court determined that Draper City's decision to issue a stop work order was not arbitrary or capricious. The court further held that although the Lot Owners had not acted in bad faith, the Draper City Planning Commission and Draper City had jurisdiction to hear the appeal, even though the appeal period had lapsed; that the Lot Owners had not obtained a vested right to proceed with construction; and that Draper City was not equitably estopped from issuing a stop work order. The trial court did not, however, rule on a number of other issues raised by the Lot Owners in their verified complaint. This appeal followed.

**2.** Section 10–9–1001 of the Utah Code provides, in part:

> (2) Any person adversely affected by any decision made in the exercise of the provisions of this chapter may file a petition for review of the decision with the district court within 30 days after the local decision is rendered.
> (3) The courts shall:
> (a) presume that land use decisions and regulations are valid; and
> (b) determine only whether or not the decision is arbitrary, capricious, or illegal.

Utah Code Ann. § 10–9–1001 (1996).

## ISSUE AND STANDARD OF REVIEW

We consider the following issue on appeal: Did the Draper City Council have jurisdiction to hear the neighboring landowners' appeal of the Draper City Planning Commission's decision after the regulation's time period for an appeal had expired? [3]

 Because in this case we interpret and apply a regulation, the trial court's legal conclusion is granted no deference; instead we review for correctness. *See Salt Lake Child & Family Therapy Clinic, Inc. v. Frederick,* 890 P.2d 1017, 1019 (Utah 1995).

## ANALYSIS

### Jurisdiction of the Draper City Council

Section 6–1–4(B) of the Draper City Land Use and Development Regulations (the Appeal Ordinance) provides that any appeal from a decision of the Draper City Planning Commission "*shall* be filed in writing with the City Recorder within fourteen (14) days of the Planning Commission's decision." (Emphasis added.) The parties do not dispute that a written appeal was not filed within fourteen days of the Draper City Planning Commission's April 20, 1995 decision. Nevertheless, on June 8, 1995, although the Lot Owners objected that it lacked jurisdiction, the Draper City Planning Commission reconsidered the issue of the Lot Owners' proposed construction on the Lot and reaffirmed its prior decision. On June 13, 1995, the Draper City Council also did not address the jurisdiction issue and reversed the Draper City Planning Commission's decision to permit the Lot Owners to construct a house on the upper portion of the Lot.[4]

**3.** The Lot Owners and Draper City raise several other issues on appeal which in light of our decision we need not address. *See State v. Tucker,* 800 P.2d 819, 824 n. 9 (Utah.Ct.App.1990) ("An appellate court has discretion as to the nature and extent of the opinions it renders and we need not 'address in writing each and every argument, issue, or claim raised and properly before us on appeal.'" (quoting *State v. Carter,* 776 P.2d 886, 888 (Utah 1989))).

**4.** There apparently is no provision in the Draper City Land Use and Development Regulations providing for a rehearing by the Draper City Planning Commission. As such, the Draper City

The Lot Owners assert that the meaning of the word "shall" in the Appeal Ordinance is jurisdictional and not advisory. The Lot Owners further assert that the neighboring landowners should not be exempted from the requirements of a timely written appeal simply because neither the Hillside nor Appeal Ordinances requires Draper City or the Draper City Planning Commission to give notice of its decision to neighboring landowners. The Lot Owners point out that the Draper City Planning Commission hearings are open to the public and its decisions are a matter of public record.

Draper City counters that the Appeal Ordinance's fourteen-day time limit for appeals is not jurisdictional; rather, it is advisory and, thus, subject to equity considerations. Draper City asserts that the neighboring landowners' appeal must be allowed to correct the Lot Owners' misrepresentations, namely, that the neighboring landowners no longer objected to their building on the upper portion of the Lot. Moreover, requiring the Draper City Planning Commission to verify the Lot Owners' factual statements is too great a burden to place on the Draper City Planning Commission and contrary to the purpose of the Hillside Ordinance, asserts Draper City.

■ In interpreting the meaning of the Appeal Ordinance, we are guided by the standard rules of statutory construction. "Where statutory language is plain and unambiguous, this Court will not look beyond the same to divine legislative intent. Rather, we are guided by the rule that a statute should generally be construed according to its plain language." *Brinkerhoff v. Forsyth,* 779 P.2d 685, 686 (Utah 1989); *accord Salt Lake Therapy Clinic,* 890 P.2d at 1020 (" 'When language is clear and unambiguous, it must be held to mean what it expresses, and no room is left for construction.' " (citation omitted)); *Board of Educ. v. Salt Lake County,* 659 P.2d 1030, 1035 (Utah 1983) (stating terms of statute "should be given an interpretation and application which is in accord with their usually accepted meanings" in

holding term "shall" mandatory); *Allred v. Utah State Retirement Bd.,* 914 P.2d 1172, 1175 (Utah.Ct.App.1996) (stating that "[u]nless statutory language is 'unreasonably confused, inoperable, [ ]or in blatant contradiction to the express purpose of the statute,' this court applies the statute's literal wording." (citation omitted) (alteration in original)). "The meaning of the word *shall* is ordinarily that of command." *Herr v. Salt Lake County,* 525 P.2d 728, 729 (Utah 1974); *accord Anderson v. Yungkau,* 329 U.S. 482, 485, 67 S.Ct. 428, 430, 91 L.Ed. 436 (1947) (distinguishing between words "shall" and "may" and defining shall as ordinarily " '[t]he language of command' " (citation omitted)); *see also* Webster's Third New International Dictionary 2085 (1986) (defining "shall" as "used in laws, regulations, or directives to express what is mandatory").

In *Herr,* the Utah Supreme Court held that the county commission's failure to render its decision within the statutorily prescribed time period resulted in a loss of its jurisdiction. *Herr,* 525 P.2d at 729; *accord Woodley Park Community Ass'n v. District of Columbia Bd. of Zoning Adjustment,* 490 A.2d 628, 637 (D.C.Ct.App.1985) (holding board of zoning adjustment lacked jurisdiction to consider appeal not timely filed); *Dermody v. Town of Gilford Planning Bd.,* 137 N.H. 294, 627 A.2d 570, 571 (1993) (" '[A] party who desires relief from a planning board's [decision] . . . is bound to appeal within the time provided [by statute].' . . . Failure to do so bars the [the reviewing body] from entertaining the parties' appeal." (citation omitted)); *see generally* 4 Richard M. Anderson, American Law of Zoning § 27.24, at 532, 537 & n. 33 (3d ed. 1986) (explaining majority of jurisdictions require strict compliance with statutory time restrictions and noting even one day's delay may be fatal to party's appeal). In determining that the county commission lacked jurisdiction, the *Herr* court stated, "[w]e think the County Commission should abide by its own ordinance which says it *shall* make its decision within seven days after the hearing, and if it

Planning Commission's rehearing and the neighboring landowners' subsequent appeal to the City Council from the Draper City Planning Commis-

sion's decision to reaffirm its prior building permit did not create a new period for timely appeal.

fails so to do, it loses its jurisdiction in the matter." *Herr,* 525 P.2d at 729; *cf. Lund v. Cottonwood Meadows Co.,* 15 Utah 2d 305, 392 P.2d 40, 42 (1964) (explaining that purpose of time limit for appeal "is to assure the expeditious and orderly development of a community").

■ The Appeal Ordinance provides that all appeals from the Draper City Planning Commission's decisions "shall" be filed in writing within fourteen days of the Draper City Planning Commission's decision. Applying the plain and usual meaning of the word "shall," we conclude that the period for timely appeals established by the Appeal Ordinance is jurisdictional and not advisory. Accordingly, we hold that the Draper City Council lacked jurisdiction to consider the neighboring landowners' appeal and issue a stop work order.

We note that if Draper City wishes to set time limits for appeals of the Draper City Planning Commission's decisions that allow some flexibility for considerations of equity, it is free to do so. *Cf.* Utah Code Ann. § 63–46b–1(9) (Supp.1996) (providing that "[n]othing in [the Administrative Procedure Act] may be interpreted to restrict a presiding officer, for *good cause* shown, from lengthening or shortening any time period prescribed in this chapter, except those time periods established for judicial review." (emphasis added)); Utah R.App. P. 4(e) (permitting "trial court, upon a showing of excusable neglect or *good cause,* may extend the time for filing a notice of appeal." (emphasis added)); Utah Admin. Code R562–406–308 (providing that in Industrial Commission proceedings "[a] late appeal will be considered if it is determined that the appeal was delayed for *good cause.*" (emphasis added)); *Woodley Park Community Ass'n,* 490 A.2d at 636 (explaining "a standard of reasonableness is applied in determining whether an appeal is timely" in interpreting statute which requires party aggrieved by decision in administration

of zoning regulations to *timely* appeal). *But see Goto v. District of Columbia Bd. of Zoning Adjustment,* 423 A.2d 917, 923 n. 12 (D.C.Ct.App.1980) (stating "a specific time limit on appeals would serve the salutary purpose of increasing certainty and predictability for all parties to Board [of Zoning Adjustment] proceedings."). If Draper City decides to alter the time limit for appeal, however, it must so state; it cannot change the rules halfway through the game. Similarly, Draper City may adopt regulations requiring that the Draper City Planning Commission provide written notice of its decisions to interested parties in addition to petitioners, if it deems such regulations to be appropriate.

Finally, the Lot Owners assert that the trial court erred in effectively dismissing actions pleaded in their complaint.[5] In response to Draper City's Motion to Dismiss the Lot Owners' complaint, the trial court issued a written ruling on September 27, 1995, in which it stated:

> The Motion to Dismiss is denied. *However, this Court finds that the Complaint should be treated as a Petition for Review* [of a municipal land use planning decision under Utah Code Ann. § 10–1–1001 (1996) ]. The scope of review will be dependent "upon what happened below as reflected by a true record of the proceedings, viewed in the light of accepted due process requirements," as the Court of Appeals held in *Sandy City v. Salt Lake County,* 794 P.2d 482 (Utah App.1990).
>
> *The taking of additional evidence may, therefore, be required, if an adequate record of the earlier hearing is unavailable.*

(Emphasis added.) Although the trial court denied Draper City's Motion to Dismiss and treated the Lot Owners' complaint as a petition for review, its subsequent final ruling and order did not address all of the causes of action pleaded by the Lot Owners. Specifi-

---

5. In addition to those claims adjudicated by the trial court, the Lot Owners pleaded in their verified complaint that Draper City's stop work order (1) constituted a taking of their property without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution, and article I, sections 7 and

22 of the Utah Constitution; (2) denied them due process of law and equal protection of the laws; (3) violated their federally protected rights to due process of law and equal protection of the laws in violation of 42 U.S.C. section 1983; and (4) entitled them to declaratory and injunctive relief.

cally, because of the trial court's disposition of the case, the final ruling and order did not consider whether the City Council's stop work order violated the Lot Owners' equal protection, due process, or property rights. In light of our holding herein, those causes of action not previously considered in the petition for review are remanded to the trial court for further appropriate proceedings, as may be needed.[6]

## CONCLUSION

The language of the Appeal Ordinance is mandatory and interpreted as a command, not directory. Accordingly, Draper City Council lacked jurisdiction to hear the neighboring landowners' appeal after the period for timely appeals had lapsed. As such, we reverse the trial court's ruling upholding the Draper City Council's stop work order and remand this matter in part for further proceedings consistent with this opinion.

WILKINS, Associate P.J., and JACKSON, J., concur.

---

**6.** Because we conclude that the Draper City Council lacked jurisdiction to consider the appeal from the Draper City Planning Commission, we do not reach the issue of res judicata.