**SALT LAKE CITY, Plaintiff and Appellant,**

v.

**Winona JOHNSON, Defendant and Appellee.**

No. 970210–CA.

Court of Appeals of Utah.

June 18, 1998.

Michael W. Kwan and Henri R. Sisneros, Salt Lake City, for Plaintiff and Appellant.

Lewis P. Adams, Salt Lake City, for Defendant and Appellee.

Before WILKINS, BENCH and GREENWOOD, JJ.

## OPINION

BENCH, Judge:

Plaintiff Salt Lake City (the City) appeals the dismissal of a criminal complaint granted by the trial court at the request of a victim of domestic violence. We affirm.

## FACTS

In September 1996, defendant moved to Utah to care for her elderly mother after the death of her brother. The mother required

care because of her delicate physical and emotional condition. On September 27, 1996, an altercation occurred between defendant and her mother. The mother reported the incident to the police. When they arrived, the investigating officers saw a large bruise on the mother's face. The City later charged defendant with battery.

At her arraignment, defendant pleaded not guilty. The mother, through an attorney, asked the trial court to dismiss the criminal prosecution. The trial court then interviewed the mother, in camera, with her attorney present. The mother explained that the bruise on her face occurred when she fell earlier in the day and not as the result of a blow inflicted by defendant. After the interview, the trial court dismissed the charge. The City requested and received a hearing for reconsideration of the dismissal. At that hearing, the trial court denied reconsideration and found as follows:

> [B]ased upon my interview of her and her statements to me, and the reaction that she has to what has occurred here, and the emotional trauma placed upon her by this particular incident, coupled with the death of her son which was involved in this matter, led me to believe that it would be in the best interest of the victim to dismiss this case at her request. And based upon her testimony to me and her statements to me I believe that it would be to the benefit of her to dismiss it.

The City appeals, contending that a victim is in no position to request dismissal of a criminal complaint.

## ANALYSIS

In 1994, the State of Utah amended its constitution by adding the "Declaration of the rights of crime victims." *See* Utah Const. art. I, § 28. The amendment provides, in part, for victims "[t]o be treated with fairness, respect, and dignity, and to be free from harassment and abuse throughout the criminal justice process." Utah Const. art. I, § 28(a). Following passage of the victims' rights amendment, the Utah State Legislature passed Utah Code Ann. § 77–36–2.7 (Supp.1997). The statute provides that a trial court may dismiss a charge involving domestic violence "at the request of the victim [if] the court has reasonable cause to believe that the dismissal would benefit the victim." Utah Code Ann. § 77–36–2.7(1)(e). The legislature therefore clearly and unambiguously granted trial courts the authority to dismiss a domestic violence charge at the victim's request. " 'Where statutory language is plain and unambiguous, this Court will not look beyond the same to divine legislative intent. Rather, we are guided by the rule that a statute should generally be construed according to its plain language.' " *Brendle v. City of Draper,* 937 P.2d 1044, 1047 (Utah Ct.App.1997) (quoting *Brinkerhoff v. Forsyth,* 779 P.2d 685, 686 (Utah 1989)).

Here, in response to the victim's request, the trial court found that dismissal was in the victim's best interest. The City does not challenge that determination and alleges only that the victim of a crime lacks standing to request dismissal of a criminal complaint. In view of the plain meaning of the statute, however, the victim of domestic violence may request dismissal.

We therefore affirm the trial court's dismissal of the charge against defendant. This being a criminal appeal, we deny defendant's request for attorney fees and costs. *See* Utah R.App. P. 33(a), 34(a). We have considered the City's other arguments and conclude they are without merit. Thus, we decline to address them. *See State v. Carter,* 776 P.2d 886, 888 (Utah 1989). Russell W. Bench, Judge

WILKINS, Associate P.J., and GREENWOOD, J., concur.