Jesse H. DANSIE, Plaintiff and Appellant,

v.

Hubert C. LAMBERT as State Engineer of the State of Utah, et al., Defendants and Respondents.

No. 13935.

Supreme Court of Utah.

Nov. 10, 1975.

---

2. Rule 6(e), U.R.C.P.

3. Rule 6(a), U.R.C.P.

F. Alan Fletcher and James B. Lee, of Parsons, Behle & Latimer, LeRoy S. Axland, of Suitter, Axland & Armstrong, Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., Dallin W. Jensen, Asst. Atty. Gen., Leonard W. Burningham, of Moffat, Welling, Paulsen & Burningham, Salt Lake City (for Hi-Country), for defendants-respondents.

HENRIOD, Chief Justice:

Appeal from the dismissal of a complaint with prejudice as to all the defendants, including the State Engineer, based on part of the language of Title 73–3–15, Utah Code Annotated 1953, repeated in footnote

1 below.[1] Affirmed with no costs awarded.

Defendants, save for the Engineer, joined in the motion to dismiss. Over plaintiff's protest, he had awarded the other co-defendants certain water diversion rights in an area in which plaintiff also had rights in the subject area involved,— and it was from such award that plaintiff sought a review in the District Court,[2] giving rise to the dismissal and this appeal.

Plaintiff attacks the authority of the trial court to dismiss the complaint with prejudice against the defendant Engineer, who did not join in the motion to dismiss, but plaintiff *does not* attack the authority as to the other co-defendants, in which event, if plaintiff's request for relief were granted, there would remain a case lacking indispensable parties.

Without citing any authority, plaintiff in general terms urges that in this case, where he claims the Engineer and he were co-operating in gathering data anent availability of water in the area at the time of the motion to dismiss filed 26 months after the complaint was filed, the dismissal was "a direct contravention of one of the basic principles of Anglo-Saxon law,": that no party should be allowed to dismiss the action of a co-party (State Engineer).

Such contention seems to beg the question under the facts of this case, since the State Engineer has not objected to the dismissal, and not having formally joined in the motion, nonetheless he inferentially concurred in it when 26 months before, in his answer, he prayed that the plaintiff's complaint be dismissed and that his (Engineer's) award be sustained.

We are of the opinion that the right of choice to attack the dismissal in this case

1. ". . . An action to review a decision of the state engineer may be dismissed upon the application of any of the parties upon the grounds provided in Rule 41 of the Utah Rules of Civil Procedure for the dismissal of actions generally and for failure to prosecute such action with diligence. For the purpose of this section failure to prosecute a suit to final judgment within three years after the filing of the suit, shall constitute lack of diligence. All suits heretofore or hereafter commenced must be dismissed after ten days' notice by regular mail to the plaintiff, unless such suits are or were prosecuted to final judgment within the time specified above. . ."

2. Title 73–3–14, Utah Code Annotated 1953.

lies with the Engineer, and is not the prerogative of his adversary, who asserts some sort of abortive agency to object to such motion without the Engineer's consent, and where certainly such choice in good sense cannot be reserved to the latter's opponent. The statute clearly says the action may be dismissed "upon the application of *any* of the parties,"—not necessarily *all* of them.

Furthermore, it would seem to be quite unusual and inconsistent to assume that the Engineer deliberately would continue to work and negotiate with the plaintiff on water rights long since laid at rest by his award, and his indisposition to support the plaintiff in the present litigation, especially where, as here, *he* has not conceded any such negotiation and procedurally has requested dismissal.

Some may not approve the legislation, subject of this case, but in substance and effect it is nothing more nor less than a limitations statute, which may be displeasing to one who is its victim, but which like other similar statutes is one of repose, designed to put a time barrier against litigation, in determining the precious water rights in this arid state. We are not they that may question the wisdom of the legislature on any constitutional or prejudiciality basis under the circumstances here.

Plaintiff does not claim the statute is or is not mandatory. His sole point on appeal is that the trial judge erred in granting the motion *as to the Engineer*. The fallacy of the contention lies in the fact that the statute has nothing to do with joinder of parties, dismissal as to parties and the like, but simply applies to the life or death of a cause of action. If plaintiff should contend that the statute is not mandatory, then in addition to other authorities unnecessary to cite here, this court, in a very recent case, *Herr v. Salt Lake County*, 525 P.2d 728 (Utah), 1974, and cases therein mentioned, seem to be quite dispositive as to any interpretation of the words "shall" and "must" used in the statute here (73–3–15),

as being anything but mandatory, and not discretionary.

CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

ELLETT, J., concurs but would add that in his opinion the Court could have dismissed without prejudice.