PROVO CITY, a Municipal Corporation of
the State of Utah, Plaintiff
and Respondent,

v.

Hubert C. LAMBERT, State Engineer of the
State of Utah, Defendant and
Appellant,

Provo River Water Users Association, a cor-
poration, et al., Intervenors and
Appellants.

No. 14023.

Supreme Court of Utah.

Jan. 7, 1976.

Jackson Howard, Howard, Lewis & Pe-
tersen, Provo, for plaintiff and respondent.

Vernon B. Romney, Atty. Gen., Dallin
W. Jenson, Asst. Atty. Gen., Salt Lake
City, for Lambert.

Joseph Novak, Salt Lake City, for Provo
River Water Users Association.

James B. Lee, Salt Lake City, for Ken-
necott.

Roger F. Cutler, Salt Lake County Atty.,
Roy L. Montgomery, Assistant Salt Lake
County Atty., Salt Lake City, for Salt
Lake.

Edward W. Clyde, Salt Lake City, for
Central Utah Water Conservancy Dist.

TUCKETT, Justice:

The plaintiff, Provo City, filed this ac-
tion in the District Court of Utah County
seeking to set aside or modify certificate
of appropriation No. 3686, which was is-
sued by the state engineer on May 3, 1949.
The state engineer answered claiming that
the action of Provo City is barred by Sec-
tion 73–3–14, U.C.A.1953, as amended.
The defendants other than the state engi-
neer intervened with permission of the
court, and thereafter joined with the state
engineer in moving the court to dismiss the
complaint. On December 4, 1930, the Pro-
vo Reservoir Company assigned to Provo
City its application No. 2077–E which re-
quested permission to appropriate 960 acre
feet of water. On May 3, 1949, the state
engineer issued certificate No. 3686 which
was based upon application Nos. 2077–E–1,
10547 and 10586. The certificate permitted
Provo City to appropriate and to store in
Lost Lake on the headwaters of the Provo

River 321.78 acre feet of water and to exchange the same for water from Bridal Veil Falls Creek and water from Lost Creek and to use the same for municipal purposes.

The U.S. Forest Service would not permit Provo City to fill Lost Lake Reservoir to its capacity but during the ensuing years until the year 1969 in excess of 700 acre feet were stored. During the years from 1949 to 1969 the Provo River water commissioner delivered to Provo City a greater quantity of water than that specified in the state engineer's certificate.

In 1969, the state engineer reduced the usage of the water by Provo City to the quantity specified in the certificate of appropriation above referred to. Thereafter, and on January 11, 1973, Provo City filed its complaint and by these proceedings seeks to challenge the action of the state engineer in delivering only that quantity of water specified in the certificate.

The defendants contend here as they did in the court below that the action of Provo City is barred by the provisions of Section 73–3–14, U.C.A.1953, pertinent parts of which are as follows:

In any case where a decision of the state engineer is involved any person aggrieved by such decision may within sixty days after notice thereof bring a civil action in the district court for a plenary review thereof. The state engineer shall give notice of his decision by mailing a copy thereof by regular mail to the applicant and to each protestant and notice shall be deemed to have been given on the date of mailing. The place of trial, subject to the power of the court to change the same as provided by law, shall be in the county in which the stream or water source, or some part thereof, is located. The state engineer must be joined as a defendant in all suits to review his decision, but no judgment for costs or expenses of the litigation shall be rendered against him. . . .

The defendants also moved to dismiss the proceeding pursuant to the provisions of Section 73–3–15, U.C.A.1953, which provides in part as follows:

The pleadings, practice, and procedure in suits to review decisions of the state engineer shall be the same as in other equity cases. The hearing in the district court shall proceed as a trial de novo and shall be tried to the court as other equitable actions. Within ten days after its entry a copy of the judgment shall be transmitted by the clerk of the district court to the office of the state engineer. An action to review a decision of the state engineer shall be dismissed upon application of any party or by the court on its own motion, if the complaint was not filed or the summons was not served within sixty days after notice of the decision. . . .

Provo City contends that it is entitled to avoid the effect of provisions of the statutes above quoted on the basis that the state engineer's certificate of appropriation was based upon mutual mistake and that the state engineer is estopped from relying on the provisions of the certificate inasmuch as he, through the Provo River commissioner, delivered to Provo City a quantity of waters far in excess of that provided for in the certificate over a number of years.

 We have carefully considered the contentions of the parties and we can only conclude that one who is aggrieved with the decision of the state engineer must comply with the provisions of Sections 73–3–14 and 73–3–15 in pursuing a right of review. In this particular case plaintiff received the state engineer's certificate or a copy thereof in 1949 and the instrument was thereafter found in the city's archives. The plaintiff does not contend that the certificate was not received and we conclude that the certificate itself was ample notice of the decision of the state engineer. The right of appeal as provided for in the statutes above referred to is the only meth-

od provided for by the legislature for a review.[1] We are of the opinion that Provo City in filing its complaint more than 23 years after the decision of the state engineer comes too late.

The decision of the court below is reversed and remanded with directions to grant the defendant's motion to dismiss.[2] No costs awarded.

HENRIOD, C. J., and MAUGHAN, J., concur.

ELLETT, Justice (dissenting):

As I view this case it is suit in equity to reform a certificate for water used by Provo City.

In 1930 Provo Reservoir Company assigned to Provo City an application to enlarge Lost Lake Reservoir so as to appropriate 960 acre feet of water. Provo submitted proof of 799 acre feet of water. From 1932 to 1969, 784 acre feet of water was stored each year except for years when there was not that much water available and in 1965–1967 when only 711 acre feet was stored due to a settling of the dam which impounded the water.

In 1932 Provo City filed an application to change the point of diversion and to change the use of 960 acre feet of water from irrigation to domestic and municipal uses. After some extensions of time, Provo City, in 1972, submitted proof that the largest quantity of water which it could use was 799 acre feet.

On May 3, 1949, the state engineer issued a certificate for only 321.78 acre feet of water. There was some confusion between the applications made by Provo City and Orem City but these two cities have long since settled their differences. The engineer who prepared the proof of the beneficial use of the water by Provo City ceased to act as such and the elected officials of the city made no protests to the certificate as issued. However, the state engineer through his agent continued to deliver 784 acre feet of water (when available) instead of the 321.78 acre feet set out in the certificate.

In view of these facts it seems to me that Provo City should not be turned out of court on a motion to dismiss but should be given an opportunity to show, if it can, that the figure 321.78 was inserted in the certificate because of a mistake of fact and that the proper figure which was intended to be, and should have been inserted, was 784 acre feet of water.

We should affirm the trial court in its refusal to dismiss the action.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of ELLETT, J.

1. *Smith v. Sanders*, 112 Utah 517, 189 P.2d 701.

