601 P.2d 141 (1979)
PROVO CITY, a Municipal corporation, and Timpanogos Canal Company, a Utah Corporation, Plaintiffs and Appellants,
v.
Dee C. HANSEN, as State Engineer of the State of Utah, and United States of America, Bureau of Reclamation, Department of the Interior, Defendants and Respondents,
Provo River Water Users Association, a corporation, Metropolitan Water District of Salt Lake City, Utah Lake Distributing Company, a corporation, Kennecott Copper Corporation, a corporation, Salt Lake City, a municipal corporation, Central Utah Water Conservancy District, Scott P. Wallace and Ruth Wallace, his wife, Darrell A. Conrad, Vilate P. Conrad, Charles Elmwood Conrad and Alice P. Conrad, his wife, and Utah Power and Light Company, Intervenors.
No. 15772.
Supreme Court of Utah.
May 14, 1979.
*142 Jackson Howard of Howard, Lewis & Petersen, Provo, for plaintiffs and appellants.
Dallin W. Jensen, Asst. Atty. Gen., Salt Lake City, for State Engineer.
Ronald L. Rencher, U.S. Atty., Salt Lake City, for United States.
Dayle Jeffs, Provo, Edward W. Clyde, James B. Lee, Salt Lake City, Joseph Novak, Provo, for intervenors.
HALL, Justice:
Appeal from the dismissal with prejudice of a de novo review[1] of a decision of the State Engineer.
On February 14, 1968, Timpanogos Canal Company filed a change application with the State Engineer to change the point of diversion and nature of use of certain water during the nonirrigation season. The water had been contracted to Provo City. Protests were lodged and hearings were conducted. On August 9, 1974, the State Engineer rendered a decision which approved the application but assigned limitations and express conditions as to time, amount, and use of the water.
On October 4, 1974, plaintiffs filed suit challenging the State Engineer's decision. After various motions were made, the court ruled on February 27, 1975, that applicants for intervention could intervene and file their answers. The court further held that Utah Power and Light Company and the United States of America were indispensible parties and ordered plaintiffs to join them. An amended complaint was filed on March 19, 1975. After filing the amended complaint, plaintiffs filed answers to interrogatories (July 8, 1975), filed a request for production of documents (August 19, 1975), and filed a notice of deposition (September 17, 1975). When no further action was taken, the intervenors filed a motion to dismiss on December 29, 1977, which was granted "with prejudice" on March 24, 1978. On appeal, plaintiffs seek to have the district court's decision reversed and the case remanded for a determination on the merits or, in the alternative, a dismissal without prejudice.
The statute[2] we are called upon to interpret contains the following provision:
An action to review a decision of the state engineer may be dismissed upon the application of any of the parties upon the grounds provided in Rule 41 of the Utah Rules of Civil Procedure for the dismissal of actions generally and for failure to prosecute such action with diligence. For the purpose of this section failure to prosecute a suit to final judgment within two years after it is filed, or, if an appeal is taken to the Supreme Court within three years after the filing of the suit, shall constitute lack of diligence. All suits heretofore or hereafter commenced must be dismissed after ten days' notice by regular mail to the plaintiff, unless such suits are or were prosecuted to final judgment within the time specified above;
*143 The first sentence of the above-quoted provision gives the court discretion to dismiss an action upon the grounds of Rule 41 generally, including failure to prosecute with diligence. However, if over two years have elapsed since the filing of the action, a plaintiff has failed to prosecute with diligence as a matter of law and the court must dismiss the action.[3] This Court has clearly ruled upon the mandatory nature of this provision. In Dansie v. Lambert[4] the Court made the following observation:
If plaintiff should contend that the statute is not mandatory, then in addition to other authorities unnecessary to cite here, this court, in a very recent case, Herr v. Salt Lake County, 525 P.2d 728 (Utah), 1974, and cases therein mentioned, seem to be quite dispositive as to any interpretation of the words `shall' and `must' used in the statute here (73-3-15), as being anything but mandatory, and not discretionary.
The reasons for the mandatory nature of the dismissal are also articulated in Dansie[5] as follows:
Some may not approve the legislation, subject of this case, but in substance and effect it is nothing more nor less than a limitations statute, which may be displeasing to one who is its victim, but which like other similar statutes is one of repose, designed to put a time barrier against litigation, in determining the precious water rights in this arid state...
From the pleadings it is clear that plaintiffs have failed to prosecute the suit to final judgment within two years after it was filed, and the dismissal was therefore proper.
Plaintiff's argument that the trial court abused its discretion in dismissing the action with prejudice rather than without prejudice is without merit. To dismiss without prejudice is to give a party an additional one year within which to commence a new action[6] and two more years within which to prosecute the new action to final judgment. Such a result is contrary to the whole tenor of the statute and hence, the dismissal must be with prejudice. The provision that an action to review the State Engineer's decision shall be dismissed if not filed within 60 days after notice of the decision[7] precludes the filing of a "new action" in water cases of this type.
The final point argued by plaintiff on appeal is the assertion that only its first cause of action was brought pursuant to U.C.A., 1953, 73-3-15, and that the others were brought pursuant to the declaratory judgment act.[8] On the face of the pleadings it is clear that all four causes of action were brought pursuant to U.C.A., 1953, 73-3-15.[9] Nevertheless, the effect of dismissing the action is to validate the approval of the change application with all of the conditions imposed. The claims that the conditions are without authority and contrary to law are therefore rendered moot and there remains no justiciable controversy to be decided.[10]
The trial court's dismissal is therefore affirmed in its entirety. Costs to intervenors.
MAUGHAN, J., concurs.
WILKINS, J., concurs in result.
*144 CROCKETT, Chief Justice (concurring with comments):
I concur with the affirmance of the judgment under the circumstances as recited in the main opinion. However, notwithstanding the language of Sec. 73-3-15 that such suits "must be dismissed" upon notice etc., I reserve judgment as to whether, under all circumstances, such a suit would have to be dismissed with prejudice because of failure to arrive at a final judgment within two years in the district court, or within three years if an appeal is taken to the Supreme Court.
A failure of that character could occur through circumstances quite beyond the control of a party, and grave injustice might result if the statute were regarded as absolute and mandatory. The term "must" is usually mandatory, but not necessarily always so. It may depend on the purpose and intent of the statute, the context in which it is used and how the interests of justice are best served. See Section 27A Words and Phrases, "Must," 651, and cases cited so indicating; and see Glenn v. Farrell, 5 Utah 2d 439, 304 P.2d 380 (1956).
STEWART, J., concurs with the views expressed in the concurring opinion of CROCKETT, C.J.
NOTES
[1] U.C.A., 1953, 73-3-14.
[2] U.C.A., 1953, 73-3-15.
[3] The mandatory language of the act requires a plaintiff to take advantage of other remedies available to him within the allotted time where the opposing party attempts to purposefully delay the case. In any event, we are not convinced that anyone in the instant case was responsible for the delay other than plaintiff.
[4] Utah, 542 P.2d 742 (1975).
[5] Ibid.
[6] U.C.A., 1953, 78-12-40.
[7] Supra, footnote 2.
[8] U.C.A., 1953, 78-33-1 et seq.
[9] Causes two through four each incorporates all of the allegations of the first cause of action.
[10] See Crofts v. Crofts, 21 Utah 2d 332, 445 P.2d 701 (1968).