**Ernest BLAKE and Muriel Blake, Plaintiffs and Appellants,**

v.

**Dee C. HANSEN, State Engineer of the State of Utah, Defendant and Appellee.**

No. 860515.

Supreme Court of Utah.

Oct. 17, 1989.

G. Michael Westfall, St. George, for plaintiffs and appellants.

R. Paul Van Dam, Dallin W. Jensen, Michael M. Quealy, Salt Lake City, for defendant and appellee.

ZIMMERMAN, Justice:

Appellants Ernest and Muriel Blake ("the Blakes") claim on appeal that the trial court erred in granting respondent State Engineer's motion to dismiss based on section 73–3–15 of the Code, which requires that any appeal of a decision of the State Engineer not prosecuted to final judgment within two years of its issuance be dismissed. Utah Code Ann. § 73–3–15 (1980) (as amended). The Blakes contend that the causes of the delay in proceeding to a timely judgment were beyond their control and that by granting the State Engineer's motion to dismiss, the trial court denied the Blakes their constitutional rights of due process and access to the courts. We affirm.

The Blakes filed a complaint against the State Engineer on May 30, 1984, pursuant to sections 73–3–14 and 73–3–15 of the Code, governing judicial review of decisions of the Utah State Engineer. Utah Code Ann. §§ 73–3–14, 73–3–15 (1980) (as amended). They sought review of a memorandum decision of the State Engineer rejecting the Blakes' four applications to appropriate water. The State Engineer answered. In January of 1985, the Blakes' original counsel withdrew from the case, and they hired new counsel. This second counsel withdrew from the case in July of 1985, and the Blakes hired their third counsel. The Blakes argue that at the pretrial conference on November 1, 1985, their counsel brought the time limitation of section 73–3–15 to the attention of the trial judge. That section states, in relevant part, that if an action to review a decision of the State Engineer is not brought to final judgment within two years of its filing, the action should be dismissed for lack of diligence.[1] The trial court accordingly noted that the matter should be set for trial in April of 1986, which was well within the two-year limit.

In April of 1986, the Blakes' third counsel withdrew and a fourth counsel was appointed. This counsel inquired of court personnel and determined that through some error, a trial date had not been set for April. Counsel immediately requested that the matter be set for trial as soon as possible. On April 7, 1986, a notice of trial setting was issued, scheduling the trial for September 11, 1986, some four months after the expiration of the two-year period. The Blakes' counsel did nothing further to bring the matter to the attention of the court or to secure a new trial date.

The case was reassigned from Judge J. Harlan Burns to Judge Robert Owens on July 7, 1986. On its own motion, the court rescheduled trial for September 2, 1986. After the two-year period had run in May of 1986, the State Engineer filed a motion to dismiss pursuant to section 73–3–15 of the Code. The district court granted the motion, concluding that section 73–3–15 of the Code mandates the dismissal of a case not prosecuted to final judgment within two years. The Blakes appealed.

Before this Court, the Blakes contend that they were not responsible for their failure to obtain a timely final judgment. They claim that once they requested a time-

---

1. Section 73–3–15 states in full:

   Trial de novo—Dismissal of action. An action to review a decision of the state engineer may be dismissed upon the application of any of the parties upon the grounds provided in Rule 41 of the Utah Rules of Civil Procedure for the dismissal of action generally and for failure to prosecute such action with diligence. For the purpose of this section failure to prosecute a suit to final judgment within two years after it is filed, or, if an appeal is taken to the Supreme Court within three years after the filing of the suit, shall constitute lack of diligence.

ly trial date, they had done all that they could to comply with the statute; from that point on, the responsibility for seeing that the trial was held before the two-year cut-off was the district court's, a responsibility it failed to fulfill. The Blakes argue that the trial court should have considered their efforts to diligently prosecute the case in deciding whether to dismiss the action, rather than relying exclusively on the length of time that had passed since the lawsuit was filed. The dismissal of this case before trial, the Blakes contend, operated to deny their state and federal constitutional rights of due process of law and access to the courts. *See* U.S. Const. amend. V, amend. XIV, § 1; Utah Const. art. I, §§ 7, 11.

The Blakes' challenge to the grant of this motion to dismiss presents a question of law. Therefore, we review the trial court's decision for correctness and afford it no particular deference. *E.g., Mountain Fuel Supply v. Salt Lake City Corp.,* 752 P.2d 884, 887 (Utah 1988). The Blakes recognize that in two prior decisions, we upheld trial court dismissals under section 73–3–15 of the Code of actions for review of the State Engineer's decisions. In both, the dismissals were grounded on the failure to conclude the matter within the time periods listed in the statute. *See Dansie v. Lambert,* 542 P.2d 742 (Utah 1975); *Provo City v. Hansen,* 601 P.2d 141 (Utah 1979). The Blakes also recognize that both the *Dansie* and *Provo City* opinions contain language indicating that dismissal is mandatory if the requisite time period has elapsed. However, they argue that both are factually distinguishable because in neither had the matter been set for trial before the motion to dismiss was considered, and in *Provo City,* no one other than the plaintiff was responsible for the delay. In essence, they argue that the statute should be read to permit a court to refuse to dismiss an over-aged action if the equities warrant it.

Whatever merit there may be to the Blakes' contention that under certain circumstances a court might not be bound to dismiss an action falling afoul of section 73–3–15 (a question we do not reach), the facts of the present case would not warrant the exercise of any such discretion. The Blakes' present counsel knew of the need to go to trial before the expiration of the two-year period on June 1, 1986, knew that the trial date fixed by the trial court executive was too late, and yet did nothing to bring the matter to the attention of the trial judge, who certainly had the power to rearrange the trial calendar to accommodate the Blakes. Under these circumstances, they cannot contend that all reasonable steps were taken to secure a timely trial setting and that the responsibility for the period's running is entirely that of others.

We find no merit to the Blakes' remaining contentions and decline to discuss them further.

The judgment of the trial judge is affirmed.

HALL, C.J., and DURHAM, J., concur.

HOWE, Associate Chief Justice: (dissenting).

I dissent. The majority places all of the responsibility upon counsel for plaintiffs to bring the case to final judgment within two years. I view it as a shared responsibility between plaintiffs' counsel and court personnel. It appears to me that plaintiffs' counsel used due diligence in twice reminding the trial judge and court personnel that the case must be set for trial before May 30, 1986. Because that was not done, the majority allows plaintiffs to be dismissed out of court with plaintiffs' counsel absorbing all of the blame and court personnel taking none.

It must be remembered that plaintiffs' counsel had no direct control over the scheduling of cases. That function was entirely in the hands of court personnel. Because plaintiffs' counsel used due diligence in endeavoring to have the case set for trial within the two-year period but court personnel failed to do so, I would not penalize plaintiffs. It is true that plaintiffs' counsel might have reminded court personnel a third time, but I do not believe that plaintiffs should lose their case be-

cause of his failure to do something which should have been quite unnecessary.

STEWART, J., concurs.